EL PASO ELECTRIC RAILWAY COMPANY v. EMMA HARRY.

Decided November 2, 1904.

1.—Practice on Appeal—Issues of Fact.

The province of an appellate court in considering evidence upon issues of fact extends only to a determination of its sufficiency to support the findings of the jury, and if this is decided in the affirmative the verdict must be sustained even though, if left in the first instance to an appellate tribunal, it might have reached different conclusions of fact from the evidence.

**2.—Carriers of Passengers—Degree of Care—Negligence—Charge.**

A charge instructing that it was the duty of defendant, a carrier of passengers for hire, to use such high degree of care in the protection of its passengers as would be used by very competent and prudent persons under like circumstances, though it is not to be considered as an insurer of their safety, held applicable to the pleadings and evidence in the case of a passenger injured by the sudden starting of an electric car as she was in the act of alighting therefrom.

**3.—Assignment of Error—Propositions.**

A proposition which presents a distinct question arising from the action of the court upon a matter having no connection with that complained of in the assignment can not be considered.

**4.—Charge.**

Where the charge covers every material issue raised by the pleading and evidence, the failure in the preliminary part to fully state the issues is not ground for reversal, no special instruction for the correction of such omission having been requested.

### ON MOTION FOR REHEARING.

**5.—Assignment of Error—Record.**

Assignments of error which do not appear in the record and which are not copied into the brief of plaintiff in error can not be considered.

**6.—Requested Charge too General.**

Where certain facts were pleaded upon which plaintiff relied to recover for injuries received in alighting from defendant's car, and contributory negligence set up as a defense, and evidence introduced by each party in support of its pleading, a requested charge instructing a verdict for defendant unless its servants "did or failed to do something under the circumstances which would not have been done or left undone by a very cautious and careful person," was properly refused as too general and foreign to the case.

**7.—Same—Issue Suggested.**

A complaint that the court should have submitted an issue suggested by a requested charge, although the charge itself was erroneous, should be made by a separate assignment of error.

**8.—Charge—Stating Issue.**

An objection that defendant was prejudiced before the jury by the action of the court in stating at length the allegations in plaintiff's petition and in stating only in a general way the answer of defendant, can not be urged where no special charge stating more fully the defensive matter was requested.

**9.—Allegation and Proof—Substance of Issue.**

The substance of an issue is all the law requires to be proven.

**10.—Charge—Favorable to Complainant—Contributory Negligence.**

Defendant is not entitled to complain of the refusal of a requested charge where the general charge instructed a verdict for defendant if plaintiff attempted to alight from the car while it was moving and in so doing was thrown to the ground and injured, since this was more favorable than the requested charge in that it made the facts therein submitted negligence per se on the part of plaintiff, when this question should have been, and in the requested charge was, left to the determination of the jury.

Error from the district court of El Paso. Tried below before Hon. J. M. Goggin.

*Clark, Hawkins & Franklin* and *Shook & Vanderhoeven,* for appellant.—1. The burden of proof being upon the plaintiff to establish by preponderance of the evidence her right to recover, the verdict of the jury was contrary to law, as the overwhelming preponderance of the evidence was with the defendant, and the jury could not under the evidence reasonably and properly find for plaintiff. Texas & P. Ry. v. Levine, 87 Texas, 437; Mutual Life Ins. Co. v. Hayward, 27 S. W. Rep., 36, 88 Texas, 322.

2. The charge imposed upon defendant a much higher degree of diligence and foresight than the law imposes on carriers. Allen v. Galveston Ry. Co., 79 Texas, 632; Durnett v. Gulf City Ry. Co., 37 S. W. Rep., 338.

*A. H. Goldstein* and *Jno. L. Dyer,* for appellee.—1. Where the evidence is conflicting a verdict will not be set aside, and this even though the court might have arrived at a different conclusion, and even though the verdict may be unsatisfactory to the court. Erdington v. Kiger, 4 Texas, 89; Texas & P. Ry. v. Casey, 57 Texas, 122; Carter v. Carter, 5 Texas, 102; Simonton v. Ward, 35 Texas, 585; Ward v. Bledsoe, 32 Texas, 254.

2. The charge complained of required of the carrier no more than a very high degree of care in reference to possible dangers that the passenger might be exposed to. Charge did not require carrier to foresee any and all possible dangers. Nor were the jury therefrom warranted in believing that it was the duty of the carrier to foresee that passenger would purposely step from the car. International & G. N. Ry. Co. v. Clark, 10 Texas Ct. Rep., 312; Missouri, K. & T. Ry. Co. v. Scarborough, 51 S. W. Rep., 356; International & G. N. Ry. Co. v. Welch, 86 Texas, 204; International & G. N. Ry. Co. v. Halloren, 53 Texas, 53; Dillingham v. Ward, 27 S. W. Rep., 1075; Fort Worth & D. C. Ry. v. Rogers, 60 S. W. Rep., 61; Houston & T. C. Ry. Co. v. George, 60 S. W. Rep., 314; St. Louis & S. W. Ry. Co. v. Byers, 70 S. W. Rep., 559; Knauff v. San Antonio Traction Co., 70 S. W. Rep., 1012.

NEILL, Associate Justice.—This is a suit by appellee against appellant to recover damages for personal injuries inflicted upon her by the negligence of the defendant. The defenses plead were not guilty and contributory negligence. The trial of the case resulted in a verdict and judgment in favor of the plaintiff for $1,200. From the judgment this writ of error is sued out.

While the evidence is conflicting upon the issues of negligence and contributory negligence, it is reasonably sufficient to warrant the jury in finding that on the night of the 2d day of March, 1902, while plaintiff was a passenger on one of defendant's street cars, while nearing the cross street where she wished to get off, and the name of the street being called by the conductor, she signaled him to stop the car at that street so that she might alight, which signal was answered by his pulling the bell cord and thereby ringing the bell, which notified the motorman to stop the car at that place; that when the bell was thus rung the motorman slackened the speed of the car, and brought it nearly, if not quite, to a stop when it crossed the street where plaintiff wished to get

off; that when the speed slackened plaintiff arose from her seat, and when the car was at a standstill, or nearly so, while she was in the act of stepping on the footboard, with one foot in the body of the car and the other on or nearly reaching the footboard, the motorman negligently turned on the electric current which propelled the car, causing it to start forward with increased speed, which threw or caused plaintiff to fall therefrom upon the ground with great force and violence, thereby breaking her arm and inflicting upon her other painful physical injuries, and that plaintiff was not guilty of any negligence which proximately contributed to her injuries, and that by reason of defendant's negligence she has been damaged in the amount found by the jury.

*Conclusions of Law.*—1. It is not for an appellate court to weigh testimony, pass upon conflicting evidence and determine issues of fact. Its province only is to decide whether there is evidence reasonably sufficient to support the findings of the jury. When this is determined in the affirmative, its duty in this regard is at an end, and the verdict must be sustained even though, if left in the first instance to an appellate tribunal, it might have reached different conclusions of fact from the evidence.

2. The court, in instructing the jury "that it is the duty of the El Paso Electric Railway Company and their servants and employes engaged in the operation of their street cars to use such high degree of care and foresight in the protection of their passengers from possible dangers, and to exercise such high degree of prudence in guarding against them as would be used by very cautious and prudent and competent persons under like circumstances, and while street railway companies are not to be regarded as insurers of the safety of their passengers, yet they are required to use the high degree of care stated in the paragraph above for their safety, and a failure on their part to use such care and prudence as above explained to you, is negligence,"—simply declared a well established principle of law governing a common carrier in the discharge of its duty to passengers whom it undertakes to carry for hire, and is directly applicable to this case as it is made by the pleadings and evidence. Knauff v. San Antonio Traction Co., 70 S. W. Rep., 1012; International & G. N. Ry. Co. v. Clark, 10 Texas Ct. Rep., 312; Missouri, K. & T. Ry. Co. v. Scarborough, 51 S. W. Rep., 356; International & G. N. Ry. Co. v. Welch, 86 Texas, 204; International & G. N. Ry. Co. v. Halloren, 53 Texas, 53; Dillingham v. Wood, 3 Texas Civ. App., 71, 27 S. W. Rep., 1075; Fort Worth & D. C. Ry. Co. v. Rogers, 24 Texas Civ. App., 382; 60 S. W. Rep., 61; Houston & T. C. Ry. Co. v. George, 60 S. W. Rep., 314; St. Louis & S. W. Ry. Co. v. Byers, 70 S. W. Rep., 559. It imposes no greater care, diligence or foresight than does the law. The clause, "and while street railway companies are not to be regarded as insurers of the safety of their passengers," as it appears in the paragraph above quoted, is not "meaningless when considered in the light of the language which immediately precedes and immediately follows" it. But, if "meaningless," we can not see how the defendant was injured by it.

What is styled in defendant's brief "fourth proposition" under the second assignment of error, is not cognate to the assignment, and states

no *point* that can arise from it, but presents and raises a distinct question arising from the action of the court upon a matter separate and having no connection with the matter complained of in the assignment under consideration. It can not therefore, under the rules, be considered.

3. As the charge of the court covered every material issue raised by the pleadings and evidence, the failure in the preliminary part to fully state the issues (if there were such failure as is contended by defendant) is not a ground for reversal, no special instruction having been requested for the correction of such omission. Missouri, K. & T. Ry. Co. v. Kirkland, 11 Texas Civ. App., 528.

4. The remaining assignments of error complain either of the court's general charge or of its failure to give special charges requested by defendant's counsel. We have considered them all, and believe none is well taken. The charge of the court, when taken as a whole, fully and fairly presents every issue and phase of the case made by the pleadings and evidence, and embraces every correct principle of law applicable to the issues upon which a special charge was asked and refused.

There is no error in the judgment, and it is affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

The principle embraced in the portion of the charge complained of in the second assignment of error is too well established to admit of discussion. The duty of a common carrier to use the high degree of care and foresight stated in the charge has been imposed by the law upon common carriers of passengers ever since the common law undertook to determine and impose upon such a carrier its duty to its passengers.

While the opinions of courts do not always express the rule in the same language that is used in the charge, the obvious meaning that is expressed in all of them is the same as is stated in the portion of the charge complained of. When this part of the charge is considered and applied to the facts alleged and proven, it can not, in view of other parts of the charge, be said to have been calculated in the least to have misled the jury, or have induced them to believe that it was defendant's duty to foresee that plaintiff would purposely step from the car, and that it was the duty of the defendant to prevent her from doing so. This part of the charge was intended to present plaintiff's theory of the case arising from the facts alleged and proven upon the trial. No hypothesis can be based on this theory, that she purposely stepped from said car. The hypothesis presented by her pleadings and evidence is that she was thrown from the car by defendant's servant suddenly accelerating its speed at the time plaintiff thought it was being brought to a stop and she was preparing to alight. Whether this was a fact, and, if shown, was negligence, in view of the high degree of care the law requires a carrier to exercise for the safety of its passengers, the jury were left by the charge to determine.

In our former opinion we declined to consider what is asserted in plaintiff in error's brief as its fourth proposition under the second assignment of error, for the reason that it presents a distinct question

arising from the action of the court upon a matter separate and having no connection with the matter complained of by the assignment. It is contended in this motion, that it is patent from the brief it was not intended as a proposition but as a separate and distinct assignment of error, and that the mistake of the printer in calling it a proposition should not deprive the defendant of its consideration. If this should be conceded, there is another ground which should preclude us from considering it, i. e., no such assignment appears in the record. The record can only be looked to for assignments of error made by the plaintiff in error, and even when they appear there they can not under the rules of the court be considered if they are not copied in the brief. We suppose (treating what is called the fourth proposition as a second assignment as a distinct assignment of error) that the thirteenth assignment, as numbered in the transcript, is the one referred to. If it is, there is another mistake, perhaps of the printer in copying it into the brief; and by this mistake is omitted the very gist of the charge which is the subject of the assignment of error, making the charge meaningless and senseless. If it should be insisted that this omission was the fault of the printer and should not, therefore, deprive defendant of the value of his assignment as it appears in the record, then we should say it has no potency, and its consideration would be unavailing. As recited in the assignment of error, the special charge would require a verdict for the defendant, unless the jury should believe from the evidence that its agents or servants in control of the car upon which plaintiff was a passenger, did or failed to do something under the circumstances which would not have been done or left undone by a very cautious and careful person under all the circumstances. While this may be abstractly a correct proposition of law, it is entirely too general when considered in reference to this case as it is made by the pleadings and evidence. Certain matters were plead by plaintiff as a cause of action; other matters were specially plead as a defense. Upon the facts plead, evidence was introduced by both parties and it was to the facts thus put in issue by the pleadings and evidence the attention of the jury should have been directed, as was done by the main charge of the court. Outside of these matters, what "defendant's agents or servants in control of the car upon which plaintiff was a passenger did or failed to do" is foreign to the case.

Again, it is insisted that if the special charge embraced in the assignment of error was not correct, it was sufficient to call the court's attention to an issue involved and required the court to give a proper charge on the subject. A proposition under an assignment of error stating that, even if a charge was not correct, it was sufficient to call the court's attention to the issue involved and required it to give a proper charge on the subject, can not be considered in the absence of an assignment alleging that the court should, in view of the request, have given another and proper charge on the subject. Equitable Life Assurance Co. v. Maverick, 78 S. W. Rep., 560; First National Bank v. Moor, 79 S. W. Rep., 53; Metcalfe v. Lowenstein, 81 S. W. Rep., 363. There is no such assignment in the record.

The contention under the fourteenth assignment of error that the

court erred in its general charge in stating at length the allegations in plaintiff's petition, and in stating only in a general way the answer of defendant, in that it was calculated to impress the jury with the belief that, in the opinion of the court, plaintiff's allegations had been established, can not be sustained. If, however, the charge as it stood was calculated to have that affect upon the jury, it was incumbent upon the defendant to ask a special charge stating more fully the defensive matters plead, thereby removing any possibility of such false impression being made upon the jury.

The substance of an issue is all the law requires to be proven. This negatives the idea that it is necessary to exactly prove an allegation to a certain intent in every particular. The substance of the issue in this case is not whether the car upon which plaintiff was a passenger had passed beyond Campbell Street, where she desired to get off, but whether she was injured by the negligence of defendant in suddenly accelerating the speed of the car at the time when she was preparing, as she alleged, to get off, and was thereby thrown from the car. If this was proven, it makes no difference where the car was in reference to Campbell Street. For this reason we overruled and adhere to our ruling as to the fifteenth assignment of error. Traction Co. v. Hawthorn, 71 N. E. Rep., 1023.

In the general charge of the court there is a proposition asserted and given in charge to the jury as law for their guidance, which is, we think, more favorable to the defendant than special charge number 3, which was asked and the court refused to give. The proposition referred to is embodied in this part of the court's charge: "If you believe from the evidence that Mrs. Harry attempted to alight from said car while the same was moving, and purposely stepped or attempted to step from the running board of said car to the ground while the car was moving, and in so doing, if she so did, she fell or was thrown to the ground by reason of the momentum of said car at the time she stepped or attempted to step from the running board, if she so did, and was injured, your verdict should be for the defendant." This we think, was more favorable to the defendant than is authorized by law. The rule of the law, in this regard, seems to be that whether a passenger is guilty of contributory negligence in attempting to alight from a moving car, is a question for the jury to determine in view of all the attending and surrounding circumstances, and not a question of law for the decision of the court. 3 Thomp. on Neg., secs. 3565, 3015; Traction Co. v. Olsen, 71 N. E. Rep., 986. In that the charge as given makes the facts therein submitted, if found to exist, negligence per se, it is more favorable to defendant than the special charge it requested; for the special charge, while it embodied the same matters, left it to the jury to determine whether or not such facts constitute contributory negligence on the part of the plaintiff. Traction Co. v. Hawthorn, 71 N. E. Rep., 1023.

As is said in McKinstry v. St. Louis Transit Co., 82 S. W. Rep. (Mo.), 1109: "The degree of care exacted of the carrier for the passenger's safety while he is getting off the vehicle is of the same lofty degree as that imposed while he is in course of transit, the extraordi-

nary care demanded from the carrier by law continuing until the contract of carriage is completed and terminated by delivery of the passenger at terminus of his journey uninjured, and that the contract of a passenger carrier toward its passengers requires the utmost care and diligence of very cautious persons, and rendering them liable for even the slightest neglect."

The third proposition under the eighteenth assignment admits that special charge number 3 was technically erroneous or inapt, but contends that it was sufficient to suggest to the court the importance of giving a correct charge upon the matter. What we have before said in regard to another assignment of error disposes of this proposition. Assurance Co. v. Maverick, supra. Under the special charge the jury would have been required to find against the plaintiff regardless of whether the acts on her part, if found by the jury, proximately contributed to her injury or not.

As we said in our former opinion, the charge of the court so far as defendant is concerned fully and fairly presented the law upon the case. And no reason is shown in this motion for us not adhering to what we then held. The motion is overruled.

*Overruled.*

Filed December 14, 1904.