## EL PASO ELECTRIC RAILWAY COMPANY v. W. S. KENDALL.

Decided February 8, 1905.

**1.—Injury at Crossing—Charge—Contributory Negilgence—Discovered Peril.**

Charges instructing a verdict for defendant, if plaintiff's negligence in failing to exercise ordinary care to discover the car which struck him caused or contributed to the accident, held properly refused because ignoring the issue raised of defendant's failure, on discovering plaintiff's perilous position, to use proper care to avoid the collision.

**2.—Assignment of Error—Requested Charge.**

The assignment of error in refusing to give a requested charge presenting affirmatively the defense of contributory negligence does not raise the question whether such charge, though erroneous in the form asked, was sufficient to call the court's attention to the omission and require the giving of a proper charge on the subject.

**3.—Measure of Damages—Permanent Injuries—Evidence.**

Testimony of plaintiff's mother that before the accident plaintiff was a bright boy, attended school regularly and worked hard during vacation but since then he had not seemed like the same boy, was dull and did not understand or notice or pay attention and often complained of his head hurting him, was evidence of permanent injury warranting a charge allowing compensation for the probable effect and duration of the injury, if any, to his mind in the future, as an item of damages.

Error from the County Court of El Paso. Tried below before Hon. Jos. U. Sweeney.

*Clark, Hawkins & Franklin,* for plaintiff in error.

No briefs for defendant in error.

NEILL, ASSOCIATE JUSTICE.—The evidence in this case shows that on November the 7th, 1902, defendant in error, a boy then twelve years old, in attempting to drive a milk wagon from an intersecting street across El Paso Street, was injured in a collision that occurred between his wagon and an electric street-car operated by plaintiff's in error servants along its railway. For the injuries thus sustained he sued and recovered from the company a judgment for $995 damages. He alleged in his petition that the defendant's servants were negligent in running the car at a dangerous and rapid speed, in failing to sound the gong or give signals or warnings of any kind, in failing to keep a lookout, and in failing to stop the car when they saw his perilous position.

The defendant's answer contains a plea of contributory negligence, in which it is averred that plaintiff carelessly and negligently drove his wagon upon the street crossing without keeping a proper lookout for approaching electric cars, and that his negligent failure to keep such a lookout proximately contributed to his injury.

The issue raised by this plea was practically the only one in the case, for the uncontradicted evidence adduced upon the trial is sufficient to show that the defendant was guilty of all the acts of negligence charged by plaintiff.

The plaintiff testified: "As I approached El Paso Street at its intersection with Second Street, I looked and listened for an electric car, but did not see or hear any, and kept on across El Paso Street, and across the track of the El Paso Electric Railway Company, which is on El Paso Street. I looked up and down the street fifty feet. I did not stop on El Paso Street, and did not see any car approaching, and did not know that one was approaching until the wagon was struck by an electric car. I do not know why I did not look further than fifty feet. I did that before I came to the crossing of the car track. I could see over fifty feet up the street. I could have seen all the way up the street if I had looked, and stooped over in the seat. I looked up and down the street fifty feet and saw no car. Yes, I could see all the way up and down El Paso Street, but I only looked fifty feet up and down. The street was straight there. I do not know anything that would hinder the motorman seeing me as the car approaches, nor anything that would hinder me from seeing the car."

The testimony clearly raises the questions whether the plaintiff used ordinary care to discover the approaching car; and, if he did not, whether his failure to do so was negligence proximately contributing to his injury. No specific presentation of these questions is found in the main charge of the court. It presents the issue of contributory negligence in a negative form, directing the jury if they should find the defendant guilty of negligence to find for plaintiff, if he was not guilty of contributory negligence. The defendant had the right to prepare and have given the jury a special charge, grouping the facts which, if true, would in law establish contributory negligence, and instructing them, if such facts were proven, to return a verdict in its favor. (Missouri, K. & T. Ry. Co. v. McGlamory, 89 Texas, 635; Missouri, K. & T. Ry. Co. v. Rogers, 91 Texas, 53; St. Louis S. Ry. Co. v. Casseday, 92 Texas, 526; International & G. N. Ry. v. Neff, 87 Texas, 303.) This the defendant sought to do by requesting the following special charges. (1) "It is the duty of persons approaching a crossing over which runs an electric street railway to use that degree of care and caution which a person of ordinary prudence would use under the surrounding facts and circumstances to discover the approach of electric cars, and that the failure to use such care and caution is negligence, and if you believe a boy of the age, intelligence and experience of plaintiff, in the exercise of ordinary care and caution, under all the surrounding facts and circumstances, could or would have discovered the approach of said car in time to have avoided the same, you will find for the defendant." (2) "You are charged that, even though you may believe from the evidence that the motorman in charge of the electric car was guilty of negligence in run-

ning said car, or in failing to stop the same, yet, if you further believe from the evidence that the plaintiff, in approaching the El Paso Street crossing, did not exercise that degree of care and prudence for his own safety a boy of his age and experience would have exercised under all the surrounding facts and circumstances, and that his failure to exercise such degree of care and caution caused or contributed to the accident and his consequent injury, it will be your duty to return a verdict for the defendant, even though defendant or its servants were guilty of negligence." Both requests were refused by the court, and its refusal of each is assigned as error. Had there been no evidence tending to show that defendant's servants operating the car discovered plaintiff's position of peril in time to have enabled them, by the exercise of the proper care and diligence, to avoid the collision, the refusal of the requested charges would have been error. However, the plaintiff could recover, notwithstanding his own negligence exposed him to the risk of injury, if such injury was more immediately caused by defendant's omission, after becoming aware of his danger, to use ordinary care for the purpose of avoiding injuring him. (Shear. & Redf. Neg., secs. 99, 483.) And there was such evidence. Along the entire length of El Paso Street the motorman had an unobstructed view, and from such fact the jury might have found that he saw the perilous position of plaintiff in time to have avoided the collision by the exercise of ordinary care. (Becker v. L. & N. Ry. Co. (Ky.), 61 S. W. Rep., 997, 53 L. R. A., 267.) If, therefore, the requested charges had been given, the plaintiff would have been precluded from recovering, though the jury might have believed from the evidence that defendant's servants operating the car failed to exercise ordinary care to prevent injuring him after they discovered his peril, and that such negligence on their part was the proximate cause of his injury. A correct charge, presenting the issue of contributory negligence, would not have eliminated plaintiff's right to recover on this ground. It may be that the trial court, in view of the request, should have given a proper charge upon the subject; but, as its failure to do so is not complained of, such question can not be considered. (Equitable L. Assur. Assn. v. Maverick, 78 S. W. Rep., 560; First Nat. Bank of El Paso v. Moor, 79 S. W. Rep., 53; Metcalfe v. Lowenstein, 81 S. W. Rep., 363; El Paso Electric Ry. Co. v. Harry, 83 S. W. Rep., 737.)

The only other assignment of error complains of the court's charging the jury that, "if they found for the plaintiff, they might take into consideration, in estimating his damages, the probable effect and duration of the injury, if any, to his mind in the future," upon the ground that there was no evidence that his injuries were permanent. We think there was evidence warranting the charge. His mother testified: "He was a bright boy, and attended school regularly, and worked during vacation and before and after school, prior to his injury. Now he seems dull, and does not understand, or notice, or pay any attention. He has never seemed like the same boy since he was hurt. He very often complains of his head hurting him. Many and many times I have been up with him all night with his head. We have to give him medicine, and work with him, and bathe his head, and sometimes work with his head all night. I know boys are often careless, and don't give attention to what is said to them. I know that is more or less natural with children, but Solomon

seemed changed after the accident—did not seem like the same boy." From this the jury might have well concluded that this injured mental condition of plaintiff would probably continue, and injuriously affect him.

There is no error assigned requiring a reversal of the judgment, and it is affirmed.

*Affirmed.*