**CRAWFORD v. EL PASO SASH & DOOR CO. et al. (No. 697-4618.)**

(Commission of Appeals of Texas, Section B. Nov. 24, 1926.)

1. **Trial ⟨⟩215—General instructions as to law applying are not appropriate to method of submitting case upon special issues of fact.**

Where case is submitted on general issues, it is improper to submit general instructions as to law applicable to issues except to extent of explaining issues or legal terms contained therein, despite fact that request for instructions was timely made and though instructions might be correctly drawn.

2. **Trial ⟨⟩215—Rule that, upon attention being called, court must submit correct instructions on subject involved held not applicable to case submitted under special issues.**

Rule that, upon calling of court's attention, it becomes duty of trial judge to submit correct instructions on subject involved in case, applies only where there has been an omission in court's charge, not to submission of case through special issues.

3. **Appeal and error ⟨⟩1082(2)—Failure of trial court to give general instructions in suit to have deed declared mortgage, not assigned as error in Court of Civil Appeals, cannot be considered by Supreme Court.**

Since there was no assignment of error in Court of Civil Appeals to failure of trial court, in suit to have deed declared mortgage, to prepare and submit general instructions, on appeal, such matter could not be considered by Supreme Court.

4. **Appeal and error ⟨⟩1058(2)—In suit to have deed declared mortgage, exclusion of testimony concerning reason for plaintiff's execution of deed held harmless, where witness elsewhere testified to same fact.**

In suit to have deed declared mortgage, exclusion of testimony of third person as to why deed from plaintiff to defendant was executed *held* harmless error; entire matter excluded having been covered by witness in different words elsewhere in testimony.

5. **Evidence ⟨⟩472(1)—Conclusion of witness is admissible when relating to collateral or unimportant facts, but is rejected when fact desired established is in issue.**

Conclusion, inference, or judgment of witness is admissible when it relates to fact which is collateral or relatively unimportant, and is rejected when fact sought to be established is in issue.

Error to Court of Civil Appeals of Eighth Supreme Judicial District.

Suit by J. Mack Crawford against the El Paso Sash & Door Company and another, Judgment for plaintiff was reversed by the Court of Civil Appeals (283 S. W. 232), and plaintiff brings error; his application having been granted by the Supreme Court (115 Tex. 508, 283 S. W. 754). Judgment of the Court of Civil Appeals reversed and that of district court affirmed.

Lea, McGrady, Thomasen & Edwards and Jones, Hardie & Grambling, all of El Paso, for plaintiff in error.

R. C. Walshe and Kemp & Nagle, all of El Paso, for defendants in error.

SPEER, J. The case is before us upon a writ of error granted to the decision of the Court of Civil Appeals for the Eighth District in an opinion by C. J. Pelphrey. The statement of the case as made in that court is as follows:

"This suit was filed February 13, 1925, by appellee against appellants. Paragraph 1 of appellee's original petition was a straight trespass to try title suit on lots 9 to 16, inclusive, in block 50, Franklin Heights addition to the city of El Paso, Tex., and, in the second count, alleged in the alternative, in case he should not be entitled to recover under the allegations in the first count, that on or about the 5th day of April, 1916, the property in question was deeded to him by Mathilde Seixas Baldwin, individually, and as independent executrix of the estate of David C. Baldwin, appellee thereby becoming the owner of the property; that on or about the 11th day of February, 1925, appellant R. C. Walshe caused to be recorded in the office of the county clerk of El Paso county, Tex., a writing purporting to be a deed signed by J. Mack Crawford, which instrument purported to convey title to the property in question to the said R. C. Walshe, subject to a vendor's lien retained to secure the payment of three notes, two for the sum of $900 each, and one for $1,000, notes due one, two, and three years after date; that said deed, as a matter of fact, was executed and delivered to R. C. Walshe for the purpose of securing the payment of an indebtedness due and to become due from appellee to appellant El Paso Sash & Door Company, a corporation; that the indebtedness had been fully paid, and that the recording of the deed by appellant Walshe had cast a cloud upon his title; that he is informed by appellant Walshe claims to hold the property in trust for the benefit of appellant El Paso Sash & Door Company; that appellant El Paso Sash & Door Company claims to be the owner of the property; and that he is informed and believes that appellant Walshe has executed a deed purporting to convey the property to appellant El Paso Sash & Door Company. Appellee prayed for judgment removing the cloud from his title and a cancellation of the deed.

"In his trial amendment, appellee alleged that the deed executed by him was executed and delivered for the purpose of securing the payment of an indebtedness due and to become due from him to appellant El Paso Sash & Door Company, in pursuance of an agreement between appellee and appellant El Paso Sash & Door Company that said deed should be executed and delivered merely as security for the indebtedness due and to become due from him to the El Paso Sash & Door Company.

"Appellants answered by general demurrer, plea of not guilty, and a general denial. The case was tried before a jury, and was submitted on one special issue, as follows: 'Was the deed from plaintiff, Crawford, to the defendant Walshe, dated April 22, 1926, executed and delivered in pursuance of an agreement between the plaintiff, Crawford, and the defendant El Paso Sash & Door Company, that same be executed to secure an indebtedness then due from Crawford to said defendant company, if such indebtedness there was, and indebtedness to become due from Crawford to said company, if such indebtedness to become due was contemplated by said parties at said time? Answer, "Yes," or, "No." '

"To this issue the jury answered, 'Yes,' and the court rendered judgment in favor of appellee, removing clouds cast upon his title by the deeds from Crawford to Walshe and from Walshe to El Paso Sash & Door Company."

The Court of Civil Appeals, Justice Higgins dissenting upon the first point, reversed the judgment of the trial court upon the grounds that a charge should have been prepared and given as to the effect of the deed from Crawford to Walshe, and also that the court erred in excluding the testimony of the witness Evans to the effect that he made no agreement with Crawford that the deed should be executed as security for a debt owing the El Paso Sash & Door Company.

[1] The case having been submitted upon special issues, under the statute it would have been improper to submit general instructions as to the law applicable to the issues further than necessary to "submit such explanations and definitions of legal terms as shall be necessary to enable the jury to properly pass upon and render a verdict on such special issues." It can make no difference that a request is timely made, and the requested instructions properly drawn for a case submitted upon a general charge. Such instructions are simply not appropriate to the method of submitting the case upon special issues of fact. Texas, etc., Co. v Harrington (Tex. Com. App.) 235 S. W. 188; Humble, etc., Co. v. McLean (Tex. Com. App.) 280 S. W. 557.

[2, 3] Furthermore, it is not insisted, and indeed the opinion of the Court of Civil Appeals concedes the contrary, that the requested instructions were accurate as they were presented, but the insistence, and ruling, are that they were sufficient to call the court's attention to the matter and that the duty devolved upon the trial judge to prepare and submit correct instructions upon the subject. Entirely aside from the consideration just above discussed, the rule invoked has no application because it is never applied except where there has been an omission in the court's charge, and the inference therefore to be drawn that such oversight is called to the court's attention by the request. But here the issue in the case was submitted and a requested instruction as to the burden of proof was given. And again the matter cannot be considered, because there was no assignment in the Court of Civil Appeals to the court's failing to prepare and submit such an instruction. It is one thing to complain of the refusal to give a requested charge, and altogether another thing to complain that the court should have prepared and given a different one. Olds Motor Works v. Churchill (Tex. Civ. App.) 175 S. W. 785; Gulf Production Co. v. Gibson (Tex. Civ. App.) 234 S. W. 906.

The Court of Civil Appeals erred in holding that it was the duty of the trial court in any event to give a general instruction as to the law applicable to the issue of fact submitted.

[4, 5] The only other question decided by the Court of Civil Appeals was presented by a bill which shows that the witness Evans for defendant was asked:

"Is it true or not that there was an agreement with you and Mack Crawford that he should execute that deed to R. C. Walshe as a mortgage?"

And upon objections of plaintiff that this called for a conclusion of the witness, he was not permitted to answer. The Court of Civil Appeals reversed for this also. The rule seems to be that inference, conclusion, or understanding of the witness is admissible when it relates to a fact which is collateral or relatively unimportant, but is inadmissible when the purpose is to establish an issue upon which the case turns. Federal Ins. Co. v. Munden (Tex. Civ. App.) 203 S. W. 917; Lumsden v Jones (Tex. Civ. App.) 205 S. W. 375. But we need not classify the present case in this respect, for conceding the evidence was admissible, still the error of the court in excluding it cannot be reversible. The trial court made it plain he was not denying the right of the defendant to show by this witness all that was said and done by the parties to the deed, and the witness did go fully into detail as to the transaction. In fact, he appears to have testified to the identical matter merely clothing his testimony in different words. Defendant in error has had the full benefit of the witness' version of the whole affair, and the Court of Civil Appeals erred in reversing and remanding to permit the testimony to be merely repeated in effect.

We find nothing to require a reversal of the judgment of the trial court, and accordingly recommend that the judgment of the Court of Civil Appeals be reversed and that of the district court be affirmed.

CURETON, C. J. Judgment of the Court of Civil Appeals reversed, and that of the District Court affirmed, as recommended by the Commission of Appeals.