ARMOUR & CO. et al. v. TOMLIN.
No. 1119.

Court of Civil Appeals of Texas. Waco.
Oct. 8, 1931.

Rehearing Denied Oct. 29, 1931.

Burgess, Burgess, Chrestman & Brundidge and L. E. Elliott, all of Dallas, for appellants.

Carden, Starling, Carden & Hemphill and R. B. Allen, all of Dallas, for appellee.

GALLAGHER, C. J.

Appellants, Armour & Co., a corporation, and Cecil Wise, prosecute this appeal from a judgment of the district court awarding appellee, Mrs. Myrtle Tomlin, damages for personal injuries sustained by her as the result of a collision between her car, which she was driving at the time, and a truck owned by said corporation and operated by said Wise, and also for damage to her automobile in such collision. The case was submitted to the jury on special issues, in response to which they found that the corporation's said employee was negligent in the operation of said truck; that such negligence was the proximate cause of the collision between the same and appellee's car; and that such collision was the proximate cause of the injury to her. The jury further found that the sum of $4,843 would reasonably compensate appellee for her mental and physical suffering, for her diminished capacity to perform her usual household cares and duties, and for the expenses incurred for medicine, doctors, and hospital services, resulting directly and proximately from such collision. The jury also found that the reasonable cost of repairing her car was the sum of $145. The court rendered judgment on the verdict in favor of appellee Mrs. Myrtle Tomlin against appellants Armour & Co. and Cecil Wise, jointly and severally, for the sum of $4,987, with interest from date thereof, and costs of suit. Hence this appeal.

### Opinion.

Appellants assign as error the refusal of the court to submit to the jury for determination the following requested issue: "Was the physical infirmity, if any, of the plaintiff subsequent to the accident of October 2, 1928, brought about by cause or causes not directly and proximately the result of the accident in question?"

The language used in framing such special issue is not the language usually employed in such cases, and the exact meaning thereof is a matter of construction. Appellants and appellee differ with reference to the proper construction of the same. We think, however, that the same should be construed, and that the ordinary juror would construe the same, to inquire whether the infirmity therein referred to was caused by, or resulted from, some other cause or causes than the accident in question. The testimony shows that the rear of appellee's car was struck by said truck with sufficient force to crush one corner of the same, tear the upholstering, and loosen the top thereon. Appellee testified that the force of the impact threw the rear cushion against her shoulders and knocked her against the steering wheel; that she immediately became excited and nervous, and suffered from shock and severe pains in her back and chest; that as soon as she was taken home she lay down; that she suffered all night with severe pains in the back, ribs, and chest; that next morning her temperature was 101½. Appellee further testified that at that time she was forty-four years of age and in perfect health; that she had theretofore regularly performed her household duties, driven her car as occasion required, and had been active in church and social life. There was testimony that an examination of her body by a physician shortly thereafter showed no abrasions or visible bruises. Appellee testified in detail with reference to her physical condition for more than a year thereafter. The substance of such testimony was that she suffered continual pain and was confined to her bed a large part of the time; that she had alternately high and abnormally low temperature; that she was incapacitated from performing her household duties; that she decreased in weight from 135 to 82 pounds, and that she spent a part of the time in hospitals and sanitariums. Appellants do not complain of the amount awarded appellee as damages for her physical injuries as excessive, and a more elaborate statement of her condition, subsequent to the accident, is therefore not deemed necessary. Appellee further testified

that prior to the accident she had never suffered from menstrual irregularity; that shortly thereafter she had hemorrhages, which continued for a period of three days; that a similar attack occurred about three months later. She further testified that prior to the trial menstruation had ceased. Appellants introduced expert testimony tending to show that the change of life affects the nervous system and produces organic disturbances; that such nervous condition sometimes creates vomiting and a lack of appetite, or on the other hand, an abnormal appetite; that fluctuations in temperature and loss of weight under such conditions are not infrequent. Appellants also introduced an expert witness who testified that he found no evidence of any injury to the nervous system, and that, in his opinion, appellee was suffering from mental depression, such as is sometimes manifested during the menopause.

The court, in submitting the case to the jury, authorized the recovery of damages for only such pain and suffering and lack of capacity to labor, and medical and hospital expenses incurred, as resulted directly and proximately from said accident. Appellants contend that having pleaded a general denial, and having introduced the expert testimony above recited, they were entitled, under the rule announced in Fox v. Dallas Hotel Co., 111 Tex. 461, 475, 240 S. W. 517, to have the jury determine, as the converse of appellee's contention, whether such pain and suffering, lack of capacity to labor, if any, and medical and hospital expenses incurred, resulted from appellee's change of life and disorders incident thereto. The right to have a properly framed issue presenting such contention submitted to the jury for determination is conceded by appellee. Appellee, however, invokes the further rule announced by the Supreme Court in that case, that the issue or issues so submitted should constitute a complete defense to her demands, and that the same should be restricted to the presentation of issues specifically raised by the pleadings and evidence.

Appellee's first contention in this connection is that the issue as requested is not sufficiently comprehensive to cover all the elements of personal injury or damage raised by the testimony. All such elements of injury or damage are attempted to be covered in the requested issue by the expression, "physical infirmity * * * subsequent to the accident." The Standard Dictionary defines "infirm" as "lacking in bodily or mental strength; feeble or relaxed, as from age or disease." It also defines "infirmity" as: "(1) physical, mental or moral weakness or flaw; enfeebling disease; (2) the state or quality of being infirm physically, mentally or morally; debility; infirmness, as the infirmity of age." We seriously doubt whether an ordinary juror would consider that excitement, nervousness, shock and mental and physical pain and suffering occurring at the very time of the accident and immediately thereafter, as testified by appellee, were intended to be covered by the general term "physical infirmity," and the still more general expression, "subsequent to the accident." We need not, however, determine this question, in view of the conclusion reached with reference to appellee's further contentions hereinafter discussed.

We think the language used in framing such issue is further objectionable, in that it nowhere requires that the cause or causes of the physical infirmity therein inquired about should have been, within legal terms, the proximate cause or causes thereof. It only requires that such cause or causes should not in themselves have resulted proximately from the accident. It is also a well-established rule of practice in this state that only such issues as are raised by the pleadings and evidence should be submitted to the jury for determination, and that each such issue should be separately submitted. Fox v. Dallas Hotel Co., supra. Conceding that appellants' general denial was a sufficient pleading to require the submission of defensive issues raised by the evidence, still, only issues so raised should have been submitted. Texas & N. O. Ry. Co. v. Rooks (Tex. Com. App.) 292 S. W. 536, 542, par. 9; Moss v. Koetter (Tex. Civ. App.) 249 S. W. 259, 261, par. 2; Constitution Indemnity Co. v. Armbrust (Tex. Civ. App.) 25 S.W.(2d) 176, 179, par. 4; Stevenson v. Barrow (Tex. Civ. App.) 265 S. W. 602, 604, par. 8; Dennis v. Knox (Tex. Civ. App.) 18 S.W.(2d) 1089, 1091, par. 4. No issue should have been submitted, unless restricted by its terms to the evidence introduced. Luling Oil & Gas Co. v. Edwards (Tex. Civ. App.) 32 S.W.(2d) 921, 924, par. 3; Northern Texas Traction Co. v. Singer (Tex. Civ. App.) 34 S.W.(2d) 920, 922, par. 3. We understand appellants' contention to be that the evidence in this case raises the issue that all of appellee's physical and mental pain and suffering, lost capacity to perform her duties as a housewife, and medical and hospital expenses incident to her treatment, arose proximately and solely out of her change of life, and ills and disorders incident thereto. The requested issue was not so limited. It would have left the jury free to speculate as to the existence of cause or causes other than shown by the evidence. Rosenthal Dry Goods Co. v. Hillebrandt (Tex. Civ. App.) 280 S. W. 882, 884, par. 1; Darden v. Denison (Tex. Civ. App.) 3 S.W.(2d) 137, pars. 1 and 2 (writ refused), and authorities there cited. Said issue by its terms included any and all causes of appellee's physical infirmity, and sought to have their relation to the accident determined by a single answer. It partook in part, at least, of the nature of a general charge, which was improper. Missouri, K. &

T. Ry. Co. v. Long (Tex. Com. App.) 299 S. W. 854, 855, par. 1, and authorities there cited; Hewitt v. Buchanan (Tex. Civ. App.) 4 S.W. (2d) 169, 173, par. 2, and authorities there cited; Brammer & Wilder v. Limestone County (Tex. Civ. App.) 24 S.W.(2d) 99, 104, par. 7, and authorities there cited; Totten v. Houghton (Tex. Civ. App.) 2 S.W.(2d) 530, 534, par. 10; Stewart v. Vannatta (Tex. Civ. App.) 31 S.W.(2d) 684, 686, and authorities there cited; New Amsterdam Casualty Co. v. Rutherford (Tex. Civ. App.) 26 S.W.(2d) 377, 379, pars. 4 and 5; City of Fort Worth v. Ware (Tex. Civ. App.) 1 S.W.(2d) 464.

■■ Appellee further contends that said requested issue was properly refused, because an affirmative answer thereto would not have constituted a complete defense to appellee's demands. The specific ground of such contention is that such other cause or causes, in order to constitute such complete defense, must have been the sole proximate cause of all of appellee's so-called infirmities. The authorities clearly recognize that there may be plural or concurrent causes which unite to produce the original accident and resulting injury, and also that there may be subsequent causes which proximately contribute to the injury by aggravating or enhancing the same. See the discussion of Causal Relation and Plural, Concurrent and Intervening Causes, in Green Prox. Cause, chap. 5, §§ 1 and 2, pp. 132 et seq. See, also, in this connection, Boyles v. McClure (Tex. Com. App.) 243 S. W. 1080, 1082, par. 1, and authorities there cited; City of Waco v. Branch (Tex. Civ. App.) 8 S.W.(2d) 271, 276 et seq., and authorities there cited; G., C. & S. F. Ry. Co. v. Ballew (Tex. Civ. App.) 39 S.W.(2d) 180, 182, pars. 1 and 2. Appellee contends that where an injury is sustained as the proximate result of negligence, compensation therefor should not be denied, notwithstanding such injury is aggravated or enhanced by the effects of disease existing at the time or afterward occurring, and cites the following authorities in support of such contention: Driess v. Frederich, 73 Tex. 460, 11 S. W. 493; Gulf, C. & S. F. Ry. Co. v. Redeker, 45 Tex. Civ. App. 312, 100 S. W. 362; Southern Traction Co. v. Glenn (Tex. Civ. App.) 220 S. W. 798; Gulf, C. & S. F. Ry. Co. v. Reagan (Tex. Civ. App.) 34 S. W. 796, 798; North German Lloyd S. S. Co. v. Roehl (Tex. Civ. App.) 144 S. W. 322, 323; Pecos & N. T. Ry. Co. v. Williams, 34 Tex. Civ. App. 100, 78 S. W. 5, 6; Missouri, K. & T. Ry. Co. of Texas v. Smith, 63 Tex. Civ. App. 510, 133 S. W. 482, 484; Chicago, R. I. & G. Ry. Co. v. Groner, 51 Tex. Civ. App. 65, 111 S. W. 667, 668; Galveston, H. & H. R. Co. v. Hodnett (Tex. Civ. App.) 155 S. W. 678, 681; Houston Elec. Co. v. Green, 48 Tex. Civ. App. 242, 106 S. W. 463, 465; Missouri, K. & T. Ry. Co. v. Byrd, 40 Tex. Civ. App. 315, 89 S. W. 991; Wichita Falls, R. & Ft. W. Ry. Co.

v. Combs (Tex. Com. App.) 268 S. W. 447. Said authorities fully support the same. Since the court restricted the jury in assessing damages to such only as were the direct and proximate result of the collision, it will be presumed to have done so. It therefore devolved upon appellants, in order to defeat a recovery for the damages so found, to secure a converse finding that appellee was not entitled to any damages at all. Had they requested a properly worded issue inquiring whether all the damages suffered by appellee resulted proximately and solely from her change of life and ailments or disorders incident thereto, such issue should have been, and doubtless would have been, submitted by by the court to the jury for determination. Wichita Falls R. & Ft. W. Ry. Co. v. Combs (Tex. Com. App.) 268 S. W. 447, 450, pars. 6 and 7; Northern Texas Traction Co. v. Woodall (Tex. Com. App.) 299 S. W. 220, 221, par. 3; Montrief v. Bragg (Tex. Com. App.) 2 S. W.(2d) 276, 277, par. 2; Standard Accident Ins. Co. v. Simpson (Tex. Civ. App.) 21 S.W. (2d) 8, 9, par. 4; Rio Bravo Oil Co. v. Daniel (Tex. Civ. App.) 20 S.W.(2d) 369; City of Pampa v. Todd (Tex. Civ. App.) 11 S.W.(2d) 247, 250, par. 1; Horton v. House (Tex. Com. App.) 29 S.W.(2d) 984, 986, par. 4. An affirmative answer to the issue requested would not have established that the other cause or causes inquired about therein were the sole proximate cause or causes of such damage. For the reasons hereinbefore set out, the refusal of the requested charge did not constitute reversible error.

■ Appellants contend that, should their requested issue be held to be defective in form, and therefore properly refused, it was sufficient to call the court's attention to the matter and to require the court to prepare and submit of his own motion a proper issue. Appellants have not presented any assignment of error complaining of the failure of the court to prepare and submit such issue. Our courts have frequently held that such contention will not be considered, in the absence of a specific assignment raising the same. Crawford v. El Paso Sash & Door Co. (Tex. Com. App.) 288 S. W. 169, 170, par. 3; Wichita Falls, R. & Ft. W. Ry. Co. v. Combs, supra, page 451, par. 8 of 268 S. W.; Southwestern Portland Cement Co. v. McBrayer (Tex. Civ. App.) 140 S. W. 388, 393, par. 4 (writ refused); Olds Motor Works v. Churchill (Tex. Civ. App.) 175 S. W. 785, 787, par. 2; Gulf Production Co. v. Gibson (Tex. Civ. App.) 234 S. W. 906, 907, par. 4; Western Weighing & Inspection Bureau v. Armstrong (Tex. Civ. App.) 281 S. W. 244, 251, par. 6 (reversed on other grounds [Com. App.] 288 S. W. 119); Clevenger v. Blount (Tex. Civ. App.) 114 S. W. 868, 870; Parlin & Orendorff Co. v. Miller, 25 Tex. Civ. App. 190, 60 S. W. 881, par. 6; El Paso Electric Ry. Co. v. Kendall, 38 Tex.

638

Civ. App. 221, 85 S. W. 61, 62, and authorities there cited; T. & P. Ry. Co. v. Browder (Tex. Civ. App.) 144 S. W. 1042, 1043, par. 2; El Paso Electric Ry. Co. v. Harry, 37 Tex. Civ. App. 90, 83 S. W. 735, 738; Metcalfe v. Lowenstein, 35 Tex. Civ. App. 619, 81 S. W. 362, par. 3; Anders v. California State Life Ins. Co. (Tex. Civ. App.) 214 S. W. 497, 500, pars. 3 and 4.

■ Appellants contend that the court erred in submitting as the measure of damages to appellee's car, the reasonable ·cost of repairing the same. The court submitted such issue, and the jury found the reasonable cost of such repairs to be the sum of $145. Such sum was embraced in appellee's recovery herein. Appellants present no assignment of error complaining of the submission of such issue. We are therefore without jurisdiction to consider the same. Clonts v. Johnson, 116 Tex. 489, 294 S. W. 844, 846, par. 3.

■ Appellant Armour & Co. contends that the court erred in permitting Mrs. Tomlin to testify over its objection that appellant Wise, who was driving the truck which struck her car, stated to her a few minutes after the accident "that he wasn't driving as fast as she thought he was, but that he would admit that he was to blame." The ground of the objection was that such statement was hearsay, not admissible against the complaining appellant, and therefore could not be binding on it. No suggestion that such testimony included a mere conclusion of the witness was included in the objection. We need not determine whether such testimony was admissible as res gestæ or not, because it was clearly admissible against the witness Wise as a party defendant in the suit. No request to limit its consideration is shown. The action of the court so complained of does not constitute reversible error. Blum Milling Co. v. Moore-Seaver Grain Co. (Tex. Com. App.) 277 S. W. 78, 81, pars. 5 to 7, inclusive, and authorities there cited; Steger v. Greer (Tex. Civ. App.) 228 S. W. 304, 307, par. 8, and authorities there cited.

■ Appellants contend that the court erred in permitting appellee, over their objection, to testify that she was in perfect health at the time of the accident. The ground of objection was that such testimony was a mere conclusion. Our courts have frequently held that a person may testify as to the state of his own health and that others, though not experts, may testify to such condition, when they have had sufficient opportunity to observe and know the same. Vann v. National Life & Accident Ins. Co. (Tex. Com. App.) 24 S.W.(2d) 347, 351, par. 4, and authorities there cited; Pullman Co. v. Smith, 79 Tex. 468, 471, 14 S. W. 993, 13 L. R. A. 215, 23 Am. St. Rep. 356; Duerler v. Eich-

horn, 44 Tex. Civ. App. 638, 99 S. W. 715, 716; M., K. & T. Ry. Co. of Texas v. Davis, 53 Tex. Civ. App. 547, 116 S. W. 423, 426; Pecos & N. T. Ry. Co. v. Coffman, 56 Tex. Civ. App. 472, 121 S. W. 218, 219, and authorities there cited; G., C. & S. F. Ry. Co. v. Williams (Tex. Civ. App.) 136 S. W. 527, 529, par. 8; Henson v. Warren (Tex. Civ. App.) 274 S. W. 185, 186, par. 1, and authorities there cited; Stedman Fruit Co. v. Smith (Tex. Civ. App.) 28 S.W.(2d) 622, 630, par. 20.

The judgment of the trial court is affirmed.