## ARMOUR & CO. et al. v. TOMLIN.
### No. 1662—6134.

Commission of Appeals of Texas, Section A.

May 26, 1933.

Burgess, Burgess, Chrestman & Brundidge and L. E. Elliott, all of Dallas, for plaintiffs in error.

Carden, Starling, Carden & Hemphill and R. B. Allen, Jr., all of Dallas, for defendant in error.

CRITZ, Judge.

This suit was prosecuted in the district court of Dallas county, Tex., by Mrs. Myrtle Tomlin, a widow, whom we shall hereafter designate as plaintiff, against Armour & Co., a corporation, and Cecil Wise, whom we shall hereafter designate as defendants. The plaintiff's alleged cause of action was for damages for personal injuries, and injuries to her automobile, resulting from a collision of a truck belonging to Armour & Co. and driven by Wise, with the automobile of plaintiff while she was driving same on a public street in the city of Dallas. The case was submitted to a jury in the trial court on special issues, and in conformity with the answers thereto judgment was entered for the plaintiff for $4,843 injuries to her person, and $145 injuries to her automobile. This judgment was affirmed by the Court of Civil Appeals. 42 S.W.(2d) 634. The defendants bring error.

As viewed from the standpoint of the plaintiff, the evidence tends to show that while she was driving in her car on a public street in the city of Dallas, Tex., her car was struck by defendant's truck with sufficient force to crush in one corner thereof, tear the upholstering, and damage the top; that the impact threw the rear cushion of the plaintiff's car against her shoulder and knocked her body with considerable force against the steering wheel; that the force of the impact stunned the plaintiff for a few minutes and left her in a dazed condition for a while; that the force of the impact rendered plaintiff sick and caused her to suffer severe pains in her back and chest; that she was greatly shocked and excited at the time; that after the collision Mrs. Tomlin went home suffering with intense pains in her back and chest;

and that she coughed all night suffering pain. Finally, the evidence tends to show that prior to the collision Mrs. Tomlin was in good health and that since the collision she has been in badly impaired health. There is evidence in the record sufficient in law to show that all of the injuries and condition of bad health are the direct and proximate result of the collision.

Viewed from the standpoint of the defendants there is evidence in the record tending to show that Mrs. Tomlin was not injured in the collision; that she was in bad health prior thereto; that she had tuberculosis at the time of the collision; that she had had it for years prior thereto; that she was then having change of life; and that her condition of bad health after the accident was not due to such accident, but to her tubercular condition, change of life, and other natural causes. In this connection there was evidence tending to show that the force of the collision was not such as to injure Mrs. Tomlin as contended by her, and that there were no visible wounds, marks, or abrasions of any character on her body.

In response to proper questions the jury found that the driver of the truck was guilty of negligence, that such negligence was the proximate cause of the collision, and that Mrs. Tomlin suffered damages to herself and her car resulting directly and proximately from the collision in the sums already indicated.

The defendant duly and seasonably requested the trial court to submit the following special issue to the jury, which was refused: "Was the physical infirmity, if any, of the plaintiff, subsequent to the accident on October 2, 1928, brought about by cause or causes not directly and proximately the result of the accident in question."

The defendants merely excepted to the refusal of the trial court to give the above charge, and did not otherwise except to the main charge for its failure to submit any matter involved in the above requested issue.

The defendants assigned error in the Court of Civil Appeals to the action of the trial court in regard to the above matter in the following manner:

(a) By assignment reading as follows: "The court erred in refusing defendants' specially requested issue No. 1."

This is the requested issue above quoted.

(b) By proposition contained in the brief under the above assignment of error reading as follows: "Since there was evidence tending to show that the force of the collision was such as would not be calculated to injure anyone, testimony by the appellee's doctor, first visiting her, that there were no marks or abrasions of any character on her body, evidence of admissions by her that she had been sick for five or six months, and ample medical

testimony that the appellee's physical condition was due to natural causes and not the proximate result of the collision, the appellants were entitled to have submitted to the jury their specially requested issue No. 1, by which the jury would have been required to determine specifically whether or not appellee's physical condition was brought about by a cause or causes not directly and proximately the result of the accident complained of."

By argument under the above assignment and proposition that the charge as requested was correct and should have been given, but that if the charge was not correct, it was sufficient in form to call the court's attention to a defensive matter raised by the pleadings and evidence, and therefore the court should have prepared and submitted a correct issue on the question.

The Court of Civil Appeals holds that the above matters present no reversible error because the charge as requested was not correct, and because the contention that the court committed reversible error in not himself preparing and giving a correct charge was not properly presented.

■ As we understand its opinion, the holding by the Court of Civil Appeals that the charge as requested was not correct is based on two grounds:

(a) Because the charge in the form requested did not confine the jury to the facts in the record, but left them to indulge in speculation outside thereof for the causes of the plaintiff's infirmities.

(b) Because an affirmative answer to the issue requested would not have altered the result of the trial.

We are inclined to regard the holding to the effect that the charge would have permitted the jury to go outside the record and indulge in speculation as to the cause of plaintiff's infirmities as a little too technical under the peculiar facts of this case; but be that matter as it may, we find no escape from the conclusion that the Court of Civil Appeals was correct in holding that an affirmative answer to the issue rejected would not have altered the result of this trial, that is, would not have deprived plaintiff of the judgment entered under the other findings.

As already shown, the jury found that the driver of the truck was negligent; that such negligence was a proximate cause of the collision; that the collision proximately caused Mrs. Tomlin to be injured; and that the damages to her resulting directly and proximately from such collision were as above indicated.

As shown by the opinion of the Court of Civil Appeals, the trial court carefully restricted the jury in assessing damages to such sums only as were the direct and proximate result of the collision. It devolved on the defendants, in order to defeat a recovery on

such findings, to secure findings contradictory thereto. Had they answered the issue requested, "Yes," such answer would not have contradicted the other answers, and would not have constituted a finding that the plaintiff was not injured by the collision. In this connection we wish to say that the jury could have believed that Mrs. Tomlin had tuberculosis at the time of the collision and that she was suffering as otherwise indicated, and still at the same time have believed that she was injured by the collision. In other words, a sick woman may be injured by the negligence of another and such other person be liable for the damages occasioned by such injury.

■ In connection with the above, the Court of Civil Appeals is also correct in holding that where an injury is sustained by a person as the proximate result of the negligence of another, compensation therefor will not be denied, notwithstanding such injury is aggravated or enhanced by the effects of disease existing at the time or afterwards occurring. See many authorities cited by the Court of Civil Appeals.

Since it is evident that the above charge is not correct, it devolves on us to decide whether this case ought to be reversed because the trial court did not himself prepare and submit a correct issue bearing on whether or not *all* plaintiff's injuries resulted from causes not connected with the collision, or bearing on whether or not her injuries resulted solely from such other causes.

■ It is our opinion that the plaintiff having alleged that she was injured by the collision and the amount of her damages resulting therefrom, and the defendants having denied such allegations by pleading a general denial, and the defendants having offered evidence, as they had a right to do, tending to show that plaintiff was not injured by such collision, and that her condition of bad health was the result of other causes not connected therewith, they (defendants) were entitled on request to have the defense of such other causes directly and affirmatively submitted by a proper question or questions. However, as above shown, the defendants did not present a proper question, but an improper one. Also defendants merely excepted in the trial court to the refusal of the court to give the improper question or issue. They did not, in the trial court, except to the failure to submit the issue in any other way. Also as above shown, defendant's assignment in the Court of Civil Appeals merely assigns error in not giving the charge. The proposition under the assignment goes no further. The argument under the assignment does contend that if the charge was not correct it was sufficient in form to call the court's attention to an omitted defensive matter raised by the pleadings and evidence.

In passing on the above record, the Court of Civil Appeals holds that the defendants did not present in that court any assignment of error complaining of the failure of the trial court to himself prepare and submit a proper issue on the matter under discussion, but merely an assignment complaining of the refusal to give the issue as requested. The Court of Civil Appeals then holds in effect that an assignment which complains merely of the refusal of the trial court to give an improper charge cannot be treated as a further assignment that the trial court erred in not giving a proper charge after his attention had been called to an omitted defensive matter raised by the pleadings and evidence by a requested defective charge sufficient in form to call his attention to such defensive matter. The Court of Civil Appeals cites the following authorities in support of its holdings: Crawford v. El Paso Sash & Door Co. (Tex. Com. App.) 288 S. W. 169, par. 3; Wichita Falls, R. & Ft. W. R. Co. v. Combs (Tex. Com. App.) 268 S. W. 447, page 451, par. 8; Southwestern Portland Cement Co. v. McBrayer (Tex. Civ. App.) 140 S. W. 388, 393, par. 4 (writ refused); Olds Motor Works v. Churchill (Tex. Civ. App.) 175 S. W. 785, 787, par. 2; Gulf Production Co. v. Gibson (Tex. Civ. App.) 234 S. W. 906, 907, par. 4; Western Weighing & Inspection Bureau v. Armstrong (Tex. Civ. App.) 281 S. W. 244, 251, par. 6 (reversed on other grounds [Tex. Com. App.] 288 S. W. 119); Clevenger v. Blount (Tex. Civ. App.) 114 S. W. 868, 870; Parlin & Orendorff Co. v. Miller, 25 Tex. Civ. App. 190, 60 S. W. 881, par. 6; El Paso Electric Ry. Co. v. Kendall, 38 Tex. Civ. App. 221, 85 S. W. 61, 62, and authorities there cited; Texas & P. R. Co. v. Browder (Tex. Civ. App.) 144 S. W. 1042, 1043, par. 2; El Paso Electric R. Co. v. Harry, 37 Tex. Civ. App. 90, 83 S. W. 735, 738; Metcalfe v. Lowenstein, 35 Tex. Civ. App. 619, 81 S. W. 362, par. 3; Anders v. California State Life Ins. Co. (Tex. Civ. App.) 214 S. W. 497, 500, pars. 3 and 4.

The defendants contend that the question under discussion is properly raised by the record, and in support of such contention cite, among others, the following authorities: Texas P. & L. Co. v. Culwell (Tex. Com. App.) 34 S.W.(2d) 820; Freybe v. Tiernan, 76 Tex. 286, 13 S. W. 370; Willis v. Smith, 72 Tex. 565, 10 S. W. 683; Graves v. Haynes (Tex. Com. App.) 231 S. W. 383.

If we were dealing with a record which showed that the defendants had requested an incorrect charge or issue sufficient in form and substance for an answer thereto favorable to defendants to constitute a defensive finding, and further sufficient in form to call the trial court's attention to a defensive matter raised by the pleadings and evidence, but omitted from his charge, we would be compelled to decide whether this record sufficiently raised such question in the Court of Civil

Appeals; further we would be confronted with the still more doubtful question as to whether the contended error of failure to prepare and submit a proper charge was even preserved in the trial court under our present statutes. We have no such record here.

■ In the case at bar the requested charge would not have even submitted a defensive issue had the trial court given it as requested. Certainly the mere request for such an issue places but one duty on the trial court, which is to refuse it.

We recommend that the judgment of the Court of Civil Appeals, which affirms the judgment of the district court, be affirmed.

CURETON, Chief Justice.

The judgments of the district court and Court of Civil Appeals are both affirmed, as recommended by the Commission of Appeals.