W. A. METCALFE v. ROSA LOWENSTEIN ET AL.

Decided April 27, 1904.

**1.—Deed—Description of Property—Correction of Mistake—Evidence.**

The only issue being a question of reforming a deed from defendant to plaintiff for mutual mistake in describing the property conveyed, the fact that a mistake occurred and had been corrected in reference to some other deed to the same property could not influence the jury in their decision of the issue before them. Further, testimony of such mistake and correction having been admitted without objection, it was not error to admit in evidence the deed of correction itself.

**2.—Same—Mistake in Description of Property.**

Plaintiff conveyed the lot in controversy to defendant without consideration upon the agreement that he should soon reconvey, and in the deed of reconveyance the lot was described as lot 4 instead of lot 3 in a certain block. Evidence held to show that such misdescription was a mistake and a peremptory instruction to find for defendant on the ground that he knew the description contained in the deed was properly refused.

**3.—Requested Charge—Assuming Fact.**

A requested charge assuming as a fact a certain issue in dispute was properly refused.

**4.—Same—Issue Suggested.**

A complaint that the court should have submitted an issue suggested in a requested charge, although the charge itself was erroneous, should be made by a separate assignment of error in order to be considered on appeal.

**5.—Mutual Mistake—Intention—Refusal of Requested Charges.**

Whether or not it was the intention of the parties to convey the lot in controversy governs the question of mutual mistake in description, and not whether either party knew that the lot was described as No. 4, it being in fact No. 3 in a certain block. Requested charges on this point held properly refused.

. ON MOTION FOR REHEARING.

**6.—Charge Ignoring Issue Raised—Assignment of Error.**

A charge to find for plaintiff if the jury believed that defendant was under the impression that he was reconveying the property which plaintiff had conveyed to him a short time before, was erroneous in that it ignored the issue raised as to whether defendant was under obligation to reconvey; and defendant can complain of such error under a general assignment alleging error in the charge.

Appeal from the District Court of Dallas. Tried below before Hon. Richard Morgan.

*Rhodes Baker* and *Thomas & Rhea,* for appellant.

*Finley, Knight & Harris,* for appellees.

JAMES, CHIEF JUSTICE.—Rosa Lowenstein, joined by her husband, brought this suit against W. A. Metcalfe for the reformation of a deed from said Metcalfe to said Rosa Lowenstein, dated May 18, 1898, upon the ground of inadvertence and mistake. The substantial averments of the petition are that on January 15, 1898, she and her husband made a deed to Metcalfe for lot No. 3 in block No. 3 in a certain subdivision in Dallas, at Metcalfe's instance, without any consideration, with the agreement that Metcalfe would in a short time thereafter reconvey the

property to plaintiff Rosa Lowenstein, it being her separate property; that on May 18, 1898, in pursuance of said undertaking and with the intention of all the parties of reconveying the same lot to said Rosa Lowenstein, Metcalfe made the said deed of date May 18, 1898, which deed, however, by inadvertence and mistake as aforesaid, described the lot as No. 4 in block 3 in said subdivision, and further described it as "being the same property conveyed to me by A. Lowenstein October 18, 1897," when in fact the deed of date October 18, 1897, was a deed from A. Lowenstein to Mrs. Lowenstein conveying the lot No. 3, but erroneously describing it lot 4, block 3, in said subdivision, the petition alleging that this was also a misdescription of the lot intended to be conveyed, which was afterwards on October 21, 1892, corrected by another deed from Lowenstein to his wife. The petition also alleged that Metcalfe never owned lot No. 4, block 3, of said subdivision, and that the only lot he ever held title to was lot No. 3, which was conveyed by the deed of January 15, 1898, and that he has refused to correct the mistaken description contained in his deed of May 18, 1898.

The defenses need not be stated, except in the discussion of the several assignments of error. The verdict was for plaintiffs.

We consider there is nothing in the first assignment which questions the sufficiency of the petition, as not averring that the mistake was mutual. The pleading is to that effect.

In regard to the second assignment, it appears that the court admitted in evidence the deed from A. Lowenstein to his wife of October 21, 1902, correcting his former deed to her, so as to describe the lot as No. 3, instead of No. 4. The objection as embodied in appellant's proposition was that evidence of transactions between plaintiffs since the beginning of this controversy was self-serving and inadmissible.

The issue was the question of reforming a deed from Metcalfe to Mrs. Lowenstein, for mistake appertaining to that particular deed, and the charge submitted this and no other matter. How, under such circumstances, in deciding that issue the jury could be affected by the fact that a mistake occurred and had been corrected in reference to some other deed, is hardly conceivable. But there is another and a clearer ground for overruling this assignment. Mrs. Lowenstein testified in reference to the deed of October 18, 1897, from her husband to herself, and also in reference to the deed of 1902 correcting it. She testified, "This instrument is the deed executed by A. Lowenstein October, 1902, in correction of the deed of October 18, 1897. The correction deed was executed by A. Lowenstein to me. * * * The first time I knew of an error in the description of the lot was after I contracted to sell the lot and a deposit had been put up. Mr. Anderson, my agent, came to me and said, 'There is a mistake in this and we can not close it until you have it corrected.'" Also, "The first deed from A. Lowenstein to me describes this property as lot No. 4 in block 3." There was enough in her testimony to show that the original deed to her from her husband was in 1897 corrected by another deed from him, in the matter of de-

scription of this lot. This testimony was admitted without objection. We think the jury had before them practically the same testimony without the deed as with it, hence the admission of the deed was harmless.

It is insisted by the third assignment that as Metcalfe, when he executed the deed in question, understood its contents and knew the description it contained, a peremptory charge in favor of defendant, which was asked, ought to have been given. The testimony was not conclusive that Metcalfe was conscious at the time that the deed described lot No. 4, and if he did the evidence admits of the conclusion from all the circumstances attending the transaction that it was his belief, as well as his intention, that he was carrying out his agreement as testified to by Mr. and Mrs. Lowenstein to reconvey the property which they had shortly before conveyed to him. The evidence tends to impress one that he as well as Mrs. Lowenstein was acting upon the idea that such lot was being reconveyed. The jury were warranted in finding against defendants' testimony to the contrary.

The fourth assignment of error involves the following refused charge: "If you believe Metcalfe accepted the conveyance of lot No. 3 as a credit on his debt, and without any agreement, at or prior to said conveyance, to reconvey same to Rosa Lowenstein, the full title to said lot became vested in him, and if you so find, and if you further find that there was no consideration running to him to execute said deed of May 18, 1898, then you are told that even if he thereby intended to reconvey said lot No. 3 to said Rosa Lowenstein, said attempted reconveyance was without consideration, and you will find for defendant." The charge assumed that defendant had a debt, which was a matter of conflict in the evidence. At least it would naturally convey that impression from its wording. For this reason it was right to refuse it. In a supplemental brief appellant says that the court should have submitted the issue which is suggested in said charge. This complaint, to be considered on appeal, should have been specifically made by a proper assignment of error. The reasons for this ruling are stated in Equitable Life Assurance Co. v. Maverick, 2 Texas Law Journal, 775, 9 Texas Ct. Rep., 225.

This and the eighth assignment are similar, and it may be contended that each of these assignments sufficiently points out as error that the court failed to give a proper charge on the issue indicated in these refused charges. If the assignments be so construed then they complain of two distinct matters, one that there was error in refusing the particular charges, and the other that the charges being asked, they amounted to a request for the submission of the particular issue and there was error in not in some way submitting the matter. This construction would be fatal to the assignment under the rules.

The fifth assignment refers to another refused charge, which was to the effect that the alleged misdescription (describing the lot as No. 4) must not have been known to either of the parties, in order to present a case of mutual mistake, and that unless such mutual mistake as above

defined is shown by a preponderance of evidence, defendant was entitled to a verdict. The charge was calculated to induce the jury to find for defendant if either party knew that the deed described the lot as No. 4. This might be and yet the defendant, as well as Mrs. Lowenstein, may have thought and intended that, by the deed, he was reconveying the lot which had been deeded to him by Lowenstein and wife, in which event it would nevertheless be a case of mutual mistake. The court more correctly charged that "if the jury found from a preponderance of the evidence that the second of said deeds was executed by defendant in an attempt to reconvey to Mrs. Lowenstein the property described in the first of said two deeds, and that the parties to said second deed, to wit, the defendant and Mrs. Lowenstein, were at the time of its execution under the impression that the property therein described was the same property which had been conveyed to the defendant by the first of said deeds, then plaintiffs are entitled to a verdict, but if you fail to so find then the defendant is entitled to a verdict."

Defendant's requested charges numbers 4 and 5 were as follows: "If you believe from the evidence that Rosa Lowenstein knew at the time of the execution by Metcalfe of the deed to her of date May 18, 1898, that same conveyed lot 4, and not lot 3, then plaintiff can not recover, and you will find for the defendant."

"If you believe from the evidence that in executing the deed of May 18, 1898, to Rosa Lowenstein, said Metcalfe knew that same conveyed lot 4, and not lot 3, in block 3-827, city of Dallas, then you are told that plaintiffs have failed to prove any mistake mutually made by said Metcalfe and said Rosa Lowenstein, and you will find for defendant."

The same fault exists in these charges as in the charges above discussed under the fifth assignment, and for the same reasons assignments 6 and 7 are overruled. The charge given as above copied sufficiently presented the issue.

The refused charge mentioned in the eighth assignment reads as follows: "If you believe from the evidence that the original conveyance of lot 3 in block 3, subdivision of block 827, was made by Rosa Lowenstein and husband to W. A. Metcalfe as part payment of the debt due him by the said Lowenstein, and was accepted by him as such, and that at and prior to said conveyance there was no contract by said Metcalfe to reconvey to Rosa Lowenstein, you will find for defendant." The expression "as part payment of the debt due him" is unfortunate for the charge. It was, to say the least, calculated to lead the jury to understand from the court that a debt existed, and therefore it was properly refused.

The court also refused to give an instruction as follows: "You are instructed that the burden of proving mutual mistake is upon the plaintiffs, and unless you find the same is proved by a preponderance of the evidence, you will find for defendant." This was in effect what the court charged, as will be seen from the paragraph of the charge which is quoted in connection with the fifth assignment.

The twelfth assignment reads as follows: "The court erred in the following paragraph of its main charge to the jury: "If you find from a preponderance of the testimony before you that the second of said two deeds was executed by defendant in an attempt to reconvey to Mrs. Rosa Lowenstein the property described in the first of said two deeds, and that the parties to the second deed, to wit, the defendant and Mrs. Rosa Lowenstein, were at the time of the execution of said deed under the impression that the property therein described was the same property which had been conveyed to the defendant by the first of said two deeds, then plaintiffs are entitled to a verdict."

There are two propositions advanced under this assignment. One is that the term mistake in its bearing on this remedy is not synonymous with "impression." This criticism we overrule, as we consider the charge presents clearly and accurately the issue of mistake as made by the evidence. The other proposition we copy: "A suit for the correction of an instrument alleged to be incorrect presupposes and is predicated upon the existence of a valid contract between the parties, which contract, because of the alleged mistake, is not embodied in the instrument sought to be reformed. Such a contract must be definite as to terms, lawful in effect, and based upon a consideration. If it lack any of the essentials of a valid contract, the suit for reformation must fail."

This proposition in reality complains of the omission to submit in connection with this instruction the issue of the existence of a valid contract to reconvey the property. This assignment says nothing about such omission and the proposition is not supported by the assignment.

The facts seems to be that the court proceeded upon the theory that the deed was subject to reformation for mistake, and we can not revise this assumption with reference to the testimony without an assignment which makes that question. The charge complained of undertook to submit the issue of mistake, and in this was correct. Its correctness in this respect is all that can be brought into question under the assignment.

The court would not from the testimony have been warranted in giving a peremptory instruction in favor of the defendant, nor did it err in overruling the motion for a new trial for want of evidence to support the verdict

*Affirmed.*

### ON MOTION FOR REHEARING.

We have concluded that there is error in the opinion filed in reference to the twelfth assignment. We recognize the principle that if the deed sought to be corrected was a mere gratuity on the part of Metcalfe, equity will not entertain a bill for its correction. There was an issue as to whether he was or not under obligation to reconvey the lot to Mrs. Lowenstein. This issue was ignored by the charge complained of. It instructed the jury to return a verdict for ¬laintiff if the fact appeared

that she and Metcalfe were, at the time of the execution of the deed sought to be corrected, under the impression that it conveyed to the latter the property that had been conveyed by the deed from her to Metcalfe. The charge in effect was a charge against Metcalfe on the issue above referred to, and under the following decisions he could complain of the error, under a general assignment alleging error in the particular charge. Cotton States Building Co. v. Jones, 94 Texas, 497; Scott v. Railway Co., 93 Texas, 625; Seffel v. Telegraph Co., 65 S. W. Rep., 897. By reference to 60 S. W. Rep., 589, it will be seen that the assignment of error in the first of the above cases was a general one concerning the charge complained of. Therefore the motion is granted and the judgment reversed and the cause remanded.

*Granted. Reversed and remanded.*