HOUSTON & TEXAS CENTRAL RAILROAD COMPANY v. H. G. CRAIG.

Decided April 4, 1906.

1.—Charge—Measure of Damages—Omission—Waiver.

The omission of an instruction as to the measure of damages will not be considered ground for reversal where the parties agreed that the court need not charge the jury except as requested.

2.—Evidence—Records.

Evidence of contents of record (of movement and transfer of railway cars) can, it seems, be given by one who neither made the record nor knows personally the facts recorded, in connection with testimony of another that he knew them and made it.

3.—Evidence—Admission—Withdrawal.

Error, if any, in admission of testimony, held cured by subsequent instructions withdrawing and instructing the jury to disregard it.

4.—Charge—Issues—Reference to Pleadings.

A charge to find for plaintiff if defendant was found from the evidence guilty of negligence as alleged in the petition, was not erroneous in permitting them to find negligence in respect to matters alleged of which there was no proof.

5.—Excessive Damages—Remittitur—Costs.

A remittitur, by appellee, of a part of the damages recovered, admits excess, and affirmance of the judgment so reduced carries costs of appeal against appellee.

Error from the County Court of Williamson County. Tried below before Hon. Chas. A. Wilcox.

*S. R. Fisher* and *J. H. Tallichet* (Baker, Botts, Parker & Garwood, of counsel), for plaintiff in error.—The giving a charge which merely

authorizes the jury to adopt such measure of damages as they see fit, is more than a mere omission, but is positive error. Houston & T. C. R. R. Co. v. Buchanan, 84 S. W. Rep., 1073; International & G. N. R. R. Co. v. McVey, 87 S. W. Rep., 328.

*Nunn & Ward* and *Cooper Sansum,* for defendant in error.

EIDSON, Associate Justice.—This is an action by defendant in error against plaintiff in error for damages. Plaintiff in error's first assignment of error complains of the special charge given to the jury by the court below at the request of the plaintiff, upon the ground that same does not instruct the jury as to the measure of damages in this case. It appears from the record that the parties to this suit in writing waived the giving by the court of a charge to the jury, but each party reserved the right to ask special instructions, and reserved all right of exception and objection to the giving and refusal of such charges, and to the matter of such charges as may be given at the instance of the opposite party. There is no positive error in the charge of which complaint is made. The court did not undertake in this special charge to instruct the jury as to the proper measure of damages, and if plaintiff in error desired a proper charge given on that subject it should have requested same.

We are inclined to the view that the testimony of the witness Sedgwick, in connection with that of A. G. H. White, to the effect that he made the record that Sedgwick testified about, and that it was correct, was admissible. However, if its admission was error, such error was rendered harmless by the instruction of the court to the jury not to consider same; and the use of the word "evidence" by the court in said instruction, instead of "testimony," was not misleading.

There was no error in the special instruction complained of in the fourth assignment of error. It was not susceptible of the construction that the jury were required to consider any allegations of negligence embraced in the petition which were not supported by evidence.

The defendant in error in his brief states that he remitted $3 of the amount of the judgment in his favor in the court below, and offers to remit an additional amount of $15 in this court. We do not find in the record an entry of such remittitur in the court below; but we construe the statement in defendant in error's brief as being an intention to remit $18 of the amount of the judgment recovered in the court below. With the amount of this remittitur deducted from the judgment of the court below, we are of the opinion that the verdict and judgment are supported by the evidence; and the judgment of the court below, less the sum of $18, remitted as above stated, will be affirmed; but the costs of this court will be taxed against the defendant in error, as by his remittitur he concedes error in the judgment of the court below to the amount of such remittitur.

*Affirmed.*