## WILLIAMS et al. v. NETTLES.
### No. 1298.

Court of Civil Appeals of Texas. Waco.
Dec. 15, 1932.

Rehearing Denied Jan. 26, 1933.

S. M. Kerr and J. S. Callicutt, both of Corsicana, for appellants.

Richard & A. P. Mays, of Corsicana, for appellees.

ALEXANDER, J.

This action was brought by John Williams and four others as the surviving children of E. V. and Nellie Killgore Williams, both deceased, against E. E. Nettles, as the administrator of the estates of the said E. V. and Nellie Killgore Williams, to recover the title and possession of ten acres of land and to remove cloud therefrom. Briefly stated, the controversy is between the heirs of Nellie Killgore Williams, deceased, who inherited her separate estate, and the representative of the community estate of said Nellie Killgore Williams and husband E. V. Williams, deceased, and arose in this manner: In 1890 Mary Ford was the owner of a 20-acre tract of land in Navarro county. On January 7th of that year she gave to her only child, Nellie Killgore, who afterwards married E. V. Williams, 10 acres of said land, and executed and delivered to her a deed thereto for a recited consideration of $1 and love and affection. The deed as delivered conveyed the east 10 acres of said 20-acre tract, but did not describe it by metes and bounds.

The plaintiffs, as the heirs of Nellie Killgore Williams, alleged that "through inadvertence and mistake" the said deed described the east 10 acres of said 20-acre tract, whereas it was intended to convey the west 10 acres of said tract; that the mistake in said deed was not discovered until the year 1931, about three months prior to the filing of this suit. In 1901 Mary Ford, after the marriage of her daughter, Nellie Killgore, to E. V. Williams, executed and delivered to E. V. Williams, for a recited consideration of $50, a deed to the entire 20-acre tract, describing it by metes and bounds. The administrator of the estates of E. V. and Nellie Killgore Williams sold the east 10 acres of said 20-acre tract to pay community debts. The west 10 acres of said tract is still on hand, and is in possession of the administrator. Nellie Killgore Williams left no separate debts. If it was intended by said deed from Mary Ford to Nellie Killgore to convey the west 10 acres, said land thereby became the separate property of Nellie Killgore Williams, and the plaintiffs, as her heirs, are entitled to recover same from the administrator. The plaintiffs prayed that the deed from Mary Ford to Nellie Killgore be reformed and corrected so as to make it convey the west 10 acres; that they have title and possession of said 10 acres of land and for the removal of the

cloud on their title. They pleaded in support of their title the three, five, ten, and twenty-five year statutes of limitation. The defendant, in addition to filing a general demurrer and certain special exceptions, entered a plea of not guilty, a general denial, and pleaded the various statutes of limitation in bar of plaintiffs' cause of action. A trial before the court without a jury resulted in a judgment in favor of the defendant. The plaintiffs appealed.

The appellants present the proposition that the judgment is unsupported by, and is contrary to, the undisputed evidence. It is their contention that the undisputed evidence showed that at the time the deed was executed by Mary Ford to Nellie Killgore it was intended to convey the west 10 acres instead of the east 10 acres of said 20-acre tract.

The deed in question was executed in 1890 and described the east 10 acres of the 20-acre tract. It was duly acknowledged, and was recorded in 1895. Mary Ford was an illiterate colored woman, and signed the deed by her mark. The record does not show when Mary Ford died, but apparently she died long prior to the filing of this suit. Nellie Killgore Williams died in 1923 and E. V. Williams in 1925. Consequently none of those who took part in the transaction by which the 10 acres of land was conveyed by the deed in question testified in the case. The only evidence tending to show that either of the parties to that transaction intended that the deed should convey the west 10 acres instead of the east 10 acres was circumstantial in its nature, and consisted of statements by the witnesses that Nellie Killgore, after her marriage to E. V. Williams, claimed title to the west 10 acres, and at times asserted the right to lease the land and to collect the rents therefrom and otherwise exercised dominion over it. There was some evidence tending to show that E. V. Williams at times recognized her right to control and manage the same. There was also some evidence that the administrator of the estates of E. V. and Nellie Killgore Williams had claimed the east 10 acres as a part of the community estate of said Nellie Killgore and E. V. Williams, and that he had not asserted title to the west 10 acres. On the contrary, there was some evidence that E. V. Williams exercised ownership over the property. The evidence pro and con is too voluminous to recite in the opinion.

■ The general rule is that, in order to justify a reformation or correction of a deed for mistake, the mistake must be mutual, that is, common to all the parties to the contract, and even then the evidence of such mutual mistake must be clear and convincing. Tunnell v. Neill (Tex. Civ. App.) 33 S.W.(2d) 530, and authorities there cited; Dickey v. Forrester (Tex. Civ. App.) 148 S. W. 1181. While there was some evidence tending to show that Nellie Killgore Williams, the grantee in said deed, believed that by such conveyance she became the owner of the west 10 acres instead of the east 10 acres of said 20-acre tract, there was no evidence that the grantor, Mary Ford, intended to convey any land other or different from that actually described in the deed. At the time of said conveyance, she resided on the west half of said tract where her home was situated, and continued to reside thereon with her daughter until the marriage of her daughter to E. V. Williams. After the deed was delivered to Nellie Killgore, she apparently retained it in her possession until it was recorded in 1895. This suit to reform the deed was not filed until more than forty years after the execution and delivery of the deed. The long lapse of time between the date when the deed was executed and delivered and the date of the discovery of the alleged mistake, and the fact that the mistake, if any, in the deed was not asserted by the parties thereto while they were living, were circumstances to be taken into consideration by the trial court, in determining whether or not there was a mutual mistake of the parties. The evidence is not sufficient to establish as a matter of law that Nellie Killgore was mistaken in the contents of the deed, and there is no evidence that Mary Ford, the grantor, was mistaken. The burden was on the appellants to prove a mutual mistake; that is, a mistake on the part of both the grantor and the grantee. It was not sufficient to merely prove that the grantee was mistaken. The weight to be given to the evidence and the inferences to be drawn from the circumstances were primarily for the trial court. Since the trial court, by rendering judgment for the defendant, impliedly found that the evidence was insufficient to establish the appellant's claim, we do not feel justified in disturbing its judgment.

■■ Furthermore, there was no evidence to show that Nellie Killgore Williams did not discover the mistake, if any, long prior to her death. If she did so discover it, limitation began to run against her claim, and the appellants as her heirs were barred thereby. Moreover, the deed in question shows that the conveyance was a voluntary one or a gift, and the general rule is that a grantee in a voluntary or gratuitous conveyance has no right in equity to have the conveyance reformed. Browne v. Gorman (Tex. Civ. App.) 208 S. W. 385 (writ denied).

■ The evidence was not sufficient to establish that the separate estate of Nellie Killgore Williams acquired title to the land by limitation. In 1890, at the time the deed was executed, Mary Ford, the grantor, was residing on the land. She continued to live thereon with her daughter, Nellie Killgore, until the latter left the home to live with her husband, E. V. Williams, about 1891. Since

Mary Ford, the owner of the land, was in possession thereof at all times prior to the marriage of Nellie Killgore, title by limitation, as the result of adverse possession, could not have begun in favor of Nellie Killgore prior to her marriage. If, after her marriage, Nellie Killgore Williams assumed adverse possession of the land and started the running of limitation which afterwards ripened into a limitation title, any title so acquired inured to the benefit of the community estate of herself and husband and not to her separate estate. Hurley v. Lockett, 72 Tex. 262, 12 S. W. 212; Burrell v. Adams, 104 Tex. 183, 135 S. W. 1156; Cervantes v. Cervantes (Tex. Civ. App.) 76 S. W. 790.

The judgment of the trial court is affirmed.