## HAZELWOOD et al. v. SPARKS et ux.

### No. 4603.

Court of Civil Appeals of Texas. Texarkana.

Jan. 24, 1935.

J. H. Benefield of Jefferson, for plaintiffs in error.

Parks E. McMichael, of Linden, for defendants in error.

JOHNSON, Chief Justice.

Defendants in error, Frank Sparks and wife, as plaintiffs in the trial court, sued Abe Hazelwood and others in the district court of Cass county to recover approximately 50 acres of land described, and to remove cloud from title. Trial was had to the court without a jury. Judgment was entered in favor of plaintiffs. Defendants have prosecuted writ of error to this court.

The parties will be referred to as plaintiffs and defendants in accordance with their alignment in the trial court.

■ Defendants have assigned as error the action of the trial court in rendering judgment for plaintiffs "because there was no pleading on the part of plaintiffs on which to base the judgment under the ten years' statute of limitation. * * * [Rev. St. 1925, art. 5510]" In the respect complained of plaintiffs' petition contains the following plea: "Plaintiffs would show to the Court that they have good and perfect right and title to the land described and that they have had and held peaceable, continuous and adverse possession of the said land, cultivating, using and enjoying same and paying all taxes thereon for a period of ten years, after plaintiffs' cause of action accrued, and before the commencement of this suit, and this they are willing and ready to verify."

It is the contention of defendants that by use of the word "plaintiffs" in the latter part of the plea, following the word "after" and before the word "cause," constitutes the plea a plea of limitation on behalf of the defendants. We do not think that this contention is sound. The plea as stated has the effect of alleging: (1) That plaintiffs claimed to have a good and perfect right and title to the land; (2) that after plaintiffs' cause of action accrued they have had and held (3) peaceable, continuous, and adverse possession of the land, (4) cultivating, using, and enjoying the same, (5) and paying all taxes thereon (6) for a period of ten years (7) prior to the filing of this suit.

Article 5513, R. S., provides: "Whenever an action for the recovery of real estate is barred by any provision of this title, the person having such peaceable and adverse possession shall be held to have full title, precluding all claims."

Under this article, it is held that, when the period of limitation has run while there is adverse possession of the land, title is vested in the adverse possessor as against the claims of any and all persons. Burton's Heirs v. Carroll, 96 Tex. 320, 72 S. W. 581, 582; Latta v. Wiley (Tex. Civ. App.) 92 S. W. 433, 438; Clark v. Asbury (Tex. Civ. App.) 134 S. W. 286. Such title is held to be the "full title." Burton's Heirs v. Carroll, supra. It may be asserted as an affirmative plea by the plaintiff in action of trespass to try title or to remove cloud from title. There is no special form prescribed by law which plaintiff must follow in pleading his title acquired by limitation. It is only necessary that he specially plead, in the first instance, the facts essential to admit proof in making a prima facie case under the statute. In Foster v. Persinger (Tex. Civ. App.) 30 S.W.(2d) 378, 380, it is said: "In order to acquire title by limitation under the ten-year statute (Rev. St. 1925, art. 5510), a claimant must prove by a preponderance of the evidence (1) possession of the land, (2) cultivation, use, or enjoyment thereof, and (3) an adverse or hostile claim thereto."

In character and duration the possession referred to is meant peaceable, adverse, and continuous, for some period of ten years prior to the institution of the suit. The plea in question alleges the essential facts necessary to admit proof to support the judgment of the court on the plea.

■ It is further observed in connection with the assignment that the defendants failed to level exceptions to plaintiffs' pleadings. The general demurrer in defendants' answer does not appear to have been presented for a ruling. The case was tried and the issue contested without complaint of the pleading, and no complaint was made by motion for new trial. In the circumstances, to warrant reversal of the judgment, there must appear from the pleadings total omission of some necessary fact legally essential to the plea, and which is not supplied by conclusions of the pleader expressed, or by any reasonable intendment arising upon the pleading indulged in favor of its sufficiency. Schuster v. Frendenthal, 74 Tex. 53, 11 S. W. 1051; City of San Antonio v. Bodeman (Tex. Civ. App.) 163 S. W. 1043; Ferguson v. Conklin (Tex. Civ. App.) 51 S.W.(2d) 622; Folschinsky v. Rocha (Tex. Civ. App.) 41 S.W.(2d) 333.

By appropriate assignment of error defendants contend that the evidence is insufficient to support the judgment.

■ We have carefully examined the statement of facts. The testimony on the issue was conflicting, but not without support on the part of plaintiffs and their witnesses. In

such circumstances the findings of the trial court conclude the issue. Perkins v. Campbell (Tex. Civ. App.) 63 S.W.(2d) 567; Republic Reciprocal Ins. Ass'n v. Ewing (Tex. Civ. App.) 27 S.W.(2d) 270.

Judgment of the trial court is affirmed.