This is an appeal in an action brought by Helen Larsen, appellee, against Galveston Theatres, Inc., appellant, for damages for personal injuries sustained by appellee as the result of a fall on the stairway leading into the ladies' rest room of the Queen Theatre, in Galveston, Texas.
Appellee in her petition alleged that the injuries complained of were directly caused by the negligence of appellant in the construction, maintenance and lighting of the stairway leading into the rest room of said theatre.
Appellant answered by general denial, general demurrer and specially pled negligence on the part of appellee, in general terms.
The case was tried to a jury who, in answer to special issues submitted, found in substance that said accident was the result of the negligence of appellant, that appellant had failed to have the steps leading to said rest room constructed in a safe manner for the use of its patrons and had had the door of said rest room built in an unusual manner; and that the condition of said steps and door was known to appellant or might have been known to it by the use of ordinary care. On this verdict the court rendered judgment for appellee against appellant in the sum of $1500.
Based on the fact that there is no evidence in the record that appellant either had said steps constructed or said doorway built, appellant contends that no recovery in favor of appellee can be predicated on the jury's answer to said issues and that the court should have entered judgment in its favor notwithstanding the verdict of the jury.
Appellee contends that appellant has endeavored to place a techical and narrow meaning on the words "constructed" and "built" and that these words can be and *Page 938 
were, in said special issues, accorded a similar meaning as the word "provided" or "arranged" without straining their construction or departing from their natural meaning and import.
It was unquestionably the intention of the court to submit issues to the jury inquiring as to whether or not appellant had provided steps and a doorway leading into said rest room constructed in a safe manner for the use of patrons of said theatre. While said issues could have been more aptly phrased by the use of terms other than "constructed" and "built", the point was neither saved by exceptions nor was the construction placed on said terms by appellant called to the court's attention, either by objections to said issues, or by requested issues. Further, the terms objected to were not misleading to such an extent that the jury could not determine the general import and the meaning the court intended to convey, when considered in connection with the other issues submitted. Seymour v. City of Tacoma et al., 6 Wn. 138, 32 P. 1077; 12 Corpus Juris, page 1295; Halsell v. Neal, 23 Tex. Civ. App. 26,56 S.W. 137; Fort Worth Denver R. Co. v. Partin,33 Tex. Civ. App. 173, 76 S.W. 236; First National Bank v. Rush, Tex.Com.App., 246 S.W. 349; Willis Conner v. Turner, Tex. Civ. App. 25 S.W.2d 642; McElwrath v. City of McGregor, Tex. Civ. App.58 S.W.2d 851; Houston T. C. R. Co. v. Craig, 42 Tex. Civ. App. 486,92 S.W. 1033; Metcalfe v. Lowenstein, 35 Tex. Civ. App. 619, 81 S.W. 362; Young Men's Christian Ass'n v. Jasse, Tex. Civ. App. 183 S.W. 867.
Article 2185, Revised Statutes of 1925, expressly provides that all objections to the charge of the court must be timely made and presented to the court before the charge is read to the jury, and that all objections not so made and presented shall be considered as waived.
The wisdom of the rule requiring a litigant to call to the court's attention the insufficiency and incorrectness of his charge in order that he may have an opportunity to make whatever change and corrections he may deem necessary, and to properly submit such issues to the jury, is apparent. In the absence of objections to the issues submitted on controverted questions of fact, the court is justified in the presumption that the litigant accepts the charge as a proper one, and after a verdict has been returned on the issues submitted, he should not be heard to say that the findings have no support in the evidence, and that judgment should be rendered in his favor notwithstanding the verdict. It has been aptly stated that "to hold otherwise would be an invitation to the litigant to speculate on a probable finding of a jury in his favor and repudiate one adverse to him." In the instant case, no issues were requested by appellant and no objections were made to any part of the court's charge or the issues submitted, nor was the court's attention in any way directed to what appellant considered to be its insufficiency or incorrectness. King v. Roberts et al., 125 Tex. 623, 84 S.W.2d 718; Port City Lumber Co. v. Markell, Tex. Civ. App. 9 S.W.2d 449, writ dismissed; Fidelity Guaranty Fire Corporation v. Ormand, Tex. Civ. App.62 S.W.2d 675, writ dismissed; Saenger v. Dallas Railway Terminal Co., Tex. Civ. App. 67 S.W.2d 351, writ refused; Bell v. Mulkey, Tex. Civ. App. 7 S.W.2d 115, affirmed Tex.Com.App., 16 S.W.2d 287; Ley v. Patton, Tex. Civ. App. 81 S.W.2d 1087, writ dismissed; National Life 
Accident Ins. Co. v. Bennett, Tex. Civ. App. 73 S.W.2d 676; Schelb v. Sparenberg, Tex. Civ. App. 111 S.W.2d 324; National Indemnity Underwriters of America v. Washington, Tex. Civ. App. 119 S.W.2d 1071; Gulf C. 
S. F. R. Co. v. Conley, 113 Tex. 472, 260 S.W. 561, 32 A.L.R. 1183; Harris v. Thornton's Department Store, Tex. Civ. App. 94 S.W.2d 849; Southern Underwriters v. Sanders, Tex. Civ. App. 110 S.W.2d 1258.
Appellant contends that there is no pleading to support the submission of an issue relating to the unusual manner in which the door to said rest room was built. After careful examination of the pleadings and the evidence bearing upon these issues, we have reached the conclusion that both the pleadings and the evidence justified their submission. Further, no exception of any kind was urged to the insufficiency of said pleading, and no objection was made at the trial to the introduction of testimony on the ground of insufficiency of the pleadings. Stevens v. Simmons, Tex. Civ. App. 61 S.W.2d 122; Garza v. Kenedy, Tex.Com.App., 299 S.W. 231; City of San Antonio v. Bodeman, Tex. Civ. App. 163 S.W. 1043; Hazelwood v. Sparks, Tex. Civ. App. 80 S.W.2d 788; Casualty Reciprocal Exchange v. Berry, Tex. Civ. App. 90 S.W.2d 595. *Page 939 
Appellant complains of the following argument of counsel to the jury: "If they thought they had a safe place, why didn't they bring a picture to show the construction of it."
It is an established rule in this state that attorneys are not only allowed much latitude in arguing issues of fact before the jury, but this rule applies to inference that may be drawn both from evidence offered, or evidence not offered, if it reasonably appears it could have been proffered or offered. This applies particularly to facts within the knowledge of a party where he does not produce evidence of such facts. The case of Dallas Railway Terminal Co. v. Garner, Tex. Civ. App.42 S.W.2d 665, is very much in point. In the case of Reilly v. Buster, Tex. Civ. App. 52 S.W.2d 521, it is held that the failure of either party to produce testimony, or to testify when they had opportunity to do so, may not only be shown to the jury as a presumption against such party, but it is also a legitimate matter for argument. It is held in the case of Traders General Ins. Co. v. Childers, Tex. Civ. App.95 S.W.2d 461, that where a fact is particularly within the knowledge of a party and he does not produce evidence of such fact, it is legitimate argument for opposite party that such fact does not exist. In the instant case the property in question has, at all times, since said accident, been under the control of appellant, the question of the safety of the stairway and door leading into said rest room was material to the defense of this action, and there is no apparent reason which might have prevented the taking of pictures.
Appellant contends that the admission of testimony by another theatre patron of a similar fall sustained by her during the summer preceding the injury in question constituted error. After a careful examination of the record we are of the opinion that this testimony was admissible for the purpose of showing that appellant had notice of the condition of said stairway and rest room. We are strengthened in this opinion by the fact that counsel for appellant objected to said testimony only on the ground that the prior accident was too remote in time and had no bearing on the instant case. Galveston H. S. A. R. Co. v. Rheiner, Tex. Civ. App.25 S.W. 971; Dillingham v. Whitaker et al., Tex. Civ. App. 25 S.W. 723; Galveston H. S. A. R. Co. v. Ford, Tex. Civ. App. 46 S.W. 77; Missouri Pacific Ry. Co. v. Donaldson, 73 Tex. 124, 11 S.W. 163.
Appellant also complains of the following argument of counsel for appellee in his closing speech to the jury:
"What did they try to do to win this case, a Galveston corporation, the Martini Theatres, they put the worst curse on a human being. They cursed her morals, a Galveston Corporation did that to try and win this case, and that is all they did. They tried to blacken her character from head to toe. They tried to prove she had syphilis and gonorrhea."
The record discloses that evidence had been introduced by appellant to the effect that appellee, several years prior to the accident in question, had been treated for venereal disease and it was contended that her condition was the result of said disease and not of said fall as claimed by her.
It was the contention of appellee that she had fully recovered from the effects of said disease and that said testimony was introduced for the purpose of discrediting her.
While the argument referred to is of a vigorous nature, the record discloses that it was made by appellee's counsel in reply to an argument made by counsel for appellant, and was doubtless made under stress of the excitement of the trial. The trial court who was present and heard the arguments of both counsel put his stamp of approval on it by overruling appellant's objection at the time the argument was made. Under the record presented and the existing situation we are constrained to hold that this assignment presents no reversible error. Beaumont Traction Co. v. Dilworth, Tex. Civ. App. 94 S.W. 352; Wells v. Henderson, Tex. Civ. App.78 S.W.2d 683; Jackson v. Jackson, Tex. Civ. App. 35 S.W.2d 830, 835; Home Benefit Ass'n v. Horne, Tex. Civ. App. 290 S.W. 226; Lamar Life Ins. Co. v. Bauer, Tex. Civ. App. 70 S.W.2d 600; Moore v. Parrish, Tex. Civ. App.70 S.W.2d 315.
For the reasons above stated, the judgment of the trial court will be in all things affirmed.
 Affirmed. *Page 940