**CARTER v. McDONALD et al.**

No. 4256.

Court of Civil Appeals of Texas. El Paso.

Dec. 10, 1942.

Rehearing Denied April 1, 1943.

Hubert Bookout and Webb & Webb, all of Sherman (G. P. Webb, of Sherman, of counsel), for appellant.

Sam D. Wolfe, of Sherman, for appellees.

PRICE, Chief Justice.

This is a suit by R. G. Carter, appellant, against John G. McDonald, individually and as independent executor of the will and the estate of Onia Slagle Carter, deceased, and T. D. Green, Trustee, appellees, for the reformation of a deed from Onia Carter, now deceased, and her husband, appellant, to T. D. Green, Trustee, and from T. D. Green, Trustee, to appellant, to seventy acres of land in Grayson County, Texas. After appellant had introduced his evidence and rested, appellees moved for an instructed verdict, which was granted by the court, and recovery denied appellant. Appeal was duly perfected by the plaintiff Carter.

The parties will be hereinafter designated in accordance with their designation in the trial court.

The motion of defendants for an instructed verdict was, in substance, that the evidence was insufficient to support a verdict in favor of plaintiff, in that the evidence showed that the deed from Mrs. Car-

ter, deceased, to T. D. Green, Trustee, and the deed from Green to the plaintiff, were voluntary deeds of gift, and that no consideration passed therefor; and for the further reason that the uncontroverted evidence shows that the mistake, if any, was the mistake of the plaintiff Carter only, and that no mutual mistake existed.

Plaintiff has briefed his case on one point of error, as follows: The court erred in instructing a verdict for appellees and in holding that no consideration, either actual or meritorious, had passed between the parties thereto, and that appellant is not therefore entitled to a reformation of such deed, because the evidence showed a valuable and meritorious consideration, in that of $10, paid, and services rendered and to be rendered.

The evidence shows Mrs. Slagle acquired a 70-acre tract of land from her father, Si Miller. Mr. Miller had four children, and divided among them a tract of approximately 200 acres, situated in Grayson County, substantially as follows: A specified 84 acres to his son, John, 80 acres to his daughter Mollie; what were called the two inner tracts of 70 acres each were divided between his daughters Winnie and Onia, Winnie getting the south of the two tracts and Onia the north. The deed to Onia, then Mrs. Slagle, by mistake, described the south' tract, and the deed to Winnie described the north tract. Afterwards this mistake was corrected, and Mr. Miller made another deed to his daughter Onia. In 1929, Onia, then Mrs. Slagle, married plaintiff Carter, and they continued to live together until her death on the 2nd day of February, 1940. Mrs. Onia Carter became ill two or three years before February 7, 1939, on which date she had a stroke, and was confined to the hospital for sometime and later taken to her home. She never recovered from this stroke to the extent that she could take care of herself. Plaintiff nursed her during all those years, took great care to see that she had every comfort, stayed with her constantly day and night, prepared her meals, and took care of her.

On the 25th day of September, 1939, Mrs. Carter, joined by her husband, the plaintiff, executed a deed to T. D. Green, Trustee, with instructions to deed the property in question to the plaintiff. Mr. Green made a deed to plaintiff, the description being the same as in the deed from Mrs. Carter and her husband to him as Trustee.

This description was the same description as that in the first deed by Si Miller and his wife to their daughter Onia, and was not the description in the corrected deed by Si Miller and wife to her. At the time Mrs. Carter executed this deed she had no title to the seventy acres described therein, but did have title to the seventy acres deeded her by her father in the corrected deed.

The deed from Mrs. Carter and plaintiff to T. D. Green, Trustee, and from T. D. Green, Trustee, to plaintiff, recited a consideration of a sum of ten dollars, and acknowledged receipt thereof.

Mrs. Carter's will left the seventy acres of land to her nephew, John G. McDonald, and her will had been duly probated. The date of this will was 1933.

There is no doubt but that the evidence raised the issue that Mrs. Carter intended to deed to her husband the seventy acres of land which she had received from her father, and to which she had title; likewise, there can be little doubt but that plaintiff at all times believed and was under the impression that the deed to him conveyed the seventy acres to which his wife had title.

█ It is, we think, the established law of this State that the grantee in a voluntary conveyance cannot maintain an action against his grantor to reform the instrument. Likewise, we think, it is the law that in such case such grantee cannot maintain an action against the heirs or devisees of his grantor. See Browne v. Gorman, Tex.Civ.App., 208 S.W. 385, writ denied; Williams v. Nettles, Tex.Civ.App., 56 S.W. 2d 321, writ dismissed; Metcalfe v. Lowenstein, 35 Tex.Civ.App. 619, 81 S.W. 362.

The question narrows itself to a determination as to whether the conveyance sought to be reformed was a voluntary conveyance.

Plaintiff contends that the recited consideration of ten dollars is a valuable consideration. His own evidence established rather conclusively that this ten dollars was never paid; that the real purpose of Mrs. Carter in executing the deed was in consideration of his affection and care for her during her incapacitating illness and the care that she expected to receive from him in the future, and felt a desire to provide for him after her death.

Plaintiff contends that the deed reciting a consideration of ten dollars, it was there-

fore upon a valuable consideration, and that parol evidence is not to be heard to contradict such recital, citing in support thereof Simkins, Contracts and Sales, 3rd Ed., p. 458.

 We do not think that this is correct. In our opinion, parol evidence was admissible to show that the deed was intended as a gift. Burns v. Nichols, Tex. Civ.App., 207 S.W. 158; Hall v. Barrett, Tex.Civ.App., 126 S.W.2d 1045.

 The additional consideration shown by parol that the deed was for services rendered and to be rendered we think is insufficient to constitute either a valuable or meritorious consideration, according to our understanding of the latter term. Plaintiff, as a husband, was under the legal duty of caring for his wife. The faithful performance of this duty would, no doubt, engender love and affection, but it cannot be classed as a basis for either a valuable or meritorious consideration. It may show a motive for the conveyance, but is insufficient as a consideration therefor.

We come now to the more difficult question: Did a desire to provide for the future welfare of her husband constitute such a meritorious consideration as will support an action to reform the deed to make it speak in accordance with the intention of the parties thereto?

In a sense, every deed of gift is to provide for the welfare of the grantee. However, the relationship of husband and wife existed between the parties to this deed.

In the case of Browne v. Gorman, Tex. Civ.App., 208 S.W. 385, supra, the deed in question was by a father to his son, the deed to take effect upon the father's death. The consideration recited in the deed was "the natural love and affection" he had for his son. The granting clause gave, donated, released and transferred.

In Williams v. Nettles, Tex.Civ.App., 56 S.W.2d 321, the grantor was the mother of the grantee, the consideration recited $1 and love and affection.

In the case of Metcalfe v. Lowenstein, 35 Tex.Civ.App. 619, 81 S.W. 362, the parties bore no relationship to each other. In that case, taking into consideration the opinion and the result of the case, it is inferable therefrom, we think, that the court considered an obligation to convey sufficient to support an action to reform. The averment in that case was that the property had been conveyed to the grantee without any consideration, with an agreement that the grantee should, in a short time thereafter, reconvey the property. There was a conveyance by the grantee to the grantor, but the property was described in such conveyance as Lot No. 4, in Block No. 3. In truth and in fact the property conveyed in the original conveyance was Lot No. 3, in Block No. 3. The judgment of the District Court decreed the reformation of the conveyance. While this judgment on appeal was reversed, it was not reversed and rendered.

In 69 A.L.R., p. 423, there is an exhaustive note on the right to reformation of a conveyance as depending upon consideration. This note is supplemented in 128 A. L.R. p. 1299. An examination of the note will demonstrate that there is considerable conflict among the courts of the various states as to the right of reformation of a deed depending on consideration, the character thereof and the lack thereof. The Texas cases we have heretofore discussed appear in these notes.

It is elementary that this deed in question here did not convey the title to the property in question here. In order to convey the title, equity must be invoked to afford the remedy of reformation. If we are correct in holding this conveyance a pure gift, had this suit been by plaintiff against his wife, he could not have prevailed. The precedents are unanimous in sustaining this proposition.

The defendant here is a devisee of a voluntary donor. An examination of the authorities from other jurisdictions cited in A.L.R. notes, supra, will disclose that some support the proposition that reformation may be granted against the heir of the voluntary grantor where it would not be enforced against such grantor. Some of these cases base the proposition on the fact that it might be assumed had the grantor discovered the mistake during his life he would have completed the gift. Others, that neither the grantee nor the heir paid any consideration.

Here we have this situation: A married woman having given to her husband nearly all, if not all, of the rest of her separate estate, makes this defective deed attempting to convey the balance. She did not give from an abundance, but gave everything she had—at least practically so. Previous to these gifts, in 1933 she made a will giving the property in question here to defendant, who is a nephew. This will she

never revoked, and upon her death same was probated. The fact that the gifts would, for all practical purposes, revoke the will, in that, if the deed be reformed as sought, nothing would have been conveyed by the will, is not lost sight of.

■ Under the law, it is not the legal duty of a wife to provide for and support her husband. It is not her moral duty to give her separate property to her husband, give it under circumstances that might, in the event he died first, leave her an invalid without means of support.

In our opinion the case of Browne v. Gorman, supra, governs here. The Supreme Court denied a writ of error in that case, and we deem it our duty to follow same.

The deed was a pure gift. Such being the case, the husband had no such equity as entitled him to maintain an action to reform same against the devisee of his wife. The deed as executed did not devise her title. Her will vested same in the devisee subject to administration.

The judgment is affirmed.

WALTHALL, J., not participating.